UNITED STATES

v.

**Ann M. EYMER, 371 60 8521, Private First Class (E–2), U. S. Marine Corps.**

**NCM 76 0275.**

U. S. Navy Court of Military Review.

Sentence Adjudged 31 Oct. 1975.

Decided 11 Aug. 1976.

CDR John E. Corcoran, Jr., JAGC, USNR–R, Appellate Defense Counsel. LCDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel. LCDR A. K. Llewellyn, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and MURRAY and GLASGOW, JJ.

GLASGOW, Judge:

Consonant with her plea, the appellant was found guilty of possession of one pound of marijuana on 12 June 1975, and possession and selling 22.7 grams of marijuana on 20 June 1975, in violation of Article 134, UCMJ, 10 U.S.C. § 934 and sentenced by military judge, sitting alone as a special court-martial, to a bad conduct discharge, confinement at hard labor for four months, forfeiture of $200.00 pay per month for four months and reduction to pay grade E–1. The trial judge recommended suspension of the bad conduct discharge. In view of a pretrial agreement the convening authority approved only so much of the sentence as provides for a bad conduct discharge, forfeiture of $200.00 pay per month for four months, hard labor without confinement for 45 days, restrictions for 60 days and reduction to pay grade E–1. The supervisory authority approved the sentence as mitigated by the convening authority.

The appellant assigns the following as errors:

I. APPELLANT'S GUILTY PLEA WAS RENDERED IMPROVIDENT BY THE FAILURE OF THE MILITARY JUDGE TO RESOLVE INCONSISTENT STATEMENTS RAISING POSSIBLE ENTRAPMENT DEFENSES.

## II. APPELLANT'S SENTENCE TO AN UNSUSPENDED BAD CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE.

### I

■ It appears that all of the appellant's offenses here were committed with a male Marine, who was the informant, and who had a fairly close personal relationship with the appellant. In the *Care* inquiry (*United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969)) the appellant stated that she was approached by the informant at least five times to buy a kilogram of marijuana and finally on 12 June she agreed to take one-half of it (approximately one pound) if the informant could get someone to take the other half. After a conference with her defense counsel the appellant continued her statement. The record indicates that the appellant conferred privately with her defense counsel at least ten times during the *Care* inquiry, once taking a ten minute recess, "to clarify this in the accused's mind." (R. 14). While some of the appellant's statements do give rise to a suspicion of entrapment the *Care* inquiry taken as a whole makes it clear that she was not so entrapped. The mere possibility of a conflict between the guilty plea and certain of the statements of an accused does not require rejection of a guilty plea. In the present case there was no substantial indication on the basis of the entire record, of direct conflict between appellant's plea and her statement. *United States v. Logan,* 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973). We find no merit in the first assignment.

### II

In view of the action required by the terms of the pretrial agreement we will not discuss the second assignment.

### PRETRIAL AGREEMENT

■ The pretrial agreement, with some exceptions, follows the form suggested in Appendix A–1–f(1), Manual of the Judge Advocate General. There has been added to the agreement form a provision for automatic cancellation if there is, viz:

"Failure of the agreement (by the accused) with trial counsel on the contents of the stipulation of facts, or modification or withdrawal at any time of the agreed stipulation of facts without the consent of the trial counsel."

Such provision has been condemned by this Court in *United States v. Harshaw,* No. 75 2262 (N.C.M.R. 31 December 1975); *United States v. Mills,* No. 75 3146 (N.C.M.R. 19 May 1976); *United States v. Welton,* No. 76 0066 (N.C.M.R. 19 May 1976). It was determined in each of those cases that although such provision was improper, under the circumstances found in each case, there was no prejudice to the accused. Under the precise circumstances in the case *sub judice* we find no prejudice flowing from such improper provision being included in the pretrial agreement.

■ The pretrial agreement contains the following agreed maximum sentence and conditions of probation, viz:

*"MAXIMUM SENTENCE TO BE APPROVED BY CONVENING AUTHORITY:*

1. DISCHARGE: That portion of the sentence awarding a bad conduct discharge will be approved.

2. CONFINEMENT AT HARD LABOR: That portion of the sentence awarding confinement at hard labor will be approved, but commuted to performance of hard labor without confinement not to exceed 90 days and restriction not to exceed 60 days.

3. HARD LABOR WITHOUT CONFINEMENT: That portion of the sentence awarding hard labor without confinement as provides for 90 days will be approved.

4. RESTRICTION: That portion of the sentence awarding restriction as provides for 60 days will be approved.

5. FORFEITURES: That portion of the sentence awarding forfeitures as provides for $200.00 per month for six months will be approved.

6. REDUCTION: That portion of the sentence awarding reduction to E–1 will be approved.

\* \* \* \* \* \*

CONDITIONS OF PROBATION APPEN-
DIX TO MEMORANDUM OF
PRETRIAL AGREEMENT

It is understood and agreed that the suspension of those portions of the sentence prescribed as the maximum sentence to be approved by the convening authority is conditioned upon the probationer refraining [from] committing any acts of misconduct prohibited by the Uniform Code of Military Justice, the laws of the United States, the District of Columbia, or the State of North Carolina, or the regulations of the Department of the Navy or United States Marine Corps. It is also understood that any violation of these conditions may result in the vacation of any suspension."

The agreement regarding suspension indicates that the entire sentence approved by the convening authority was to be suspended but this is not clearly stated in the agreement. The record shows that the appellant and her counsel expected that the bad conduct discharge would be suspended (Defense Counsel's statement of 23 December 1975). Also the staff judge advocate advised the supervisory authority that the appellant "began her service to hard labor without confinement and restriction on 1 December 1975, date of the convening authority's action." (SJA Rev. p. 2, 3). Those portions of the sentence cannot be effected legally until the sentence is ordered into execution, (Article 57, UCMJ) and the sentence could have been ordered executed at that time only if the bad conduct discharge had been suspended, (Article 71, UCMJ).

It is apparent that some portion if not all of the sentence was to be suspended on probation and the ambiguities in the agreement should be resolved in the appellant's favor. *United States v. Hamill*, 8 U.S.C.M.A. 464, 24 C.M.R. 274 (1957); *United States v. Franklin*, 41 C.M.R. 431 (A.C.M.R. 1969). If the convening authority had intended that no portion of the sentence was to be suspended he should have made that fact clear in the pretrial agreement. We will act to give effect to suspension of the sentence as the convening authority was legally bound to have done. *United States v. Cox*, 22 U.S.C.M.A. 69, 46 C.M.R. 69 (1972); *United States v. Glaze*, 22 U.S.C.M.A. 230, 46 C.M.R. 230 (1973).

Inasmuch as the hard labor without confinement and the restrictions have been prematurely executed those portions of the sentence cannot now be suspended and since the convening authority was required to suspend the entire sentence all portions of the sentence that we affirm must be suspended.

Accordingly, the findings of guilty and only so much of the sentence as provides for a bad conduct discharge, forfeiture of $200.00 pay per month for four months and reduction to pay grade E–1 are affirmed but the execution of the entire sentence is suspended until 1 December 1976, at which time, unless the suspension is sooner vacated the sentence will be remitted without further action.

Chief Judge CEDARBURG and Judge MURRAY concur.