**UNITED STATES**

v.

**James R. NEAL, 004 56 5540, Sergeant (E–5), U. S. Marine Corps.**

**NCM 76 2621.**

U. S. Navy Court of Military Review.

11 March 1977.

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel.

LT COL P. N. Kress, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and GLASGOW, JJ.

BAUM, Judge.

Appellant stands convicted by general court-martial, judge alone, of larceny of U.

S. Government self-service items valued at over $3,000 and a 20 day unauthorized absence in violation of Articles 121 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921, respectively. The judge imposed a sentence consisting of a bad conduct discharge, confinement at hard labor for eight months, forfeitures of $150 per month for eight months and reduction to E–1. The convening authority approved the sentence as adjudged and deferred application of forfeitures until execution of the sentence. Prior to his action on the record the convening authority had deferred the remaining confinement of approximately seven months until sentence execution also.

Appellant pled guilty pursuant to a pretrial agreement, the terms of which require interpretation by this Court. First, it must be noted that a provision similar to the one cited by me in *United States v. Johnson*, 54 C.M.R. 435, 2 M.J. 600 (N.C.M.R.1976), which voids the sentence portion upon establishment that the appellant has committed acts of misconduct subsequent to trial, also appears in the instant pretrial agreement. Although my brothers have not agreed with me on this matter, I find this provision void for the reasons outlined in *Johnson* : it is against public policy; it attempts to create a probation which the convening authority is not authorized by statute to establish; and it exceeds the scope of pretrial agreements authorized by the JAG Manual, Section 0114.

■ The following provision also appears in this agreement:

That, I understand that this agreement will be automatically cancelled upon the happening of any of the following events:

(1) Failure of the agreement with the trial counsel on the contents of the stipulation of facts, or modification or withdrawal at any time of the agreed stipulation of facts without the consent of the trial counsel; . . . .

Such a provision, which makes the efficacy of the agreement contingent upon meeting trial counsel's terms with respect to a stipulation, has been condemned by this Court as improper. *United States v. Eymer*, No. 76 0275, 1 M.J. 990 (N.C.M.R. 11 August 1976). Since the stipulation and the pretrial agreement were both signed by all parties on the same date, it appears likely that the stipulation was agreed upon at the time the plea was negotiated and became a part of the agreement as written, without prejudice to the accused. In a proper case, however, upon a showing that the accused was forced to agree to trial counsel's terms for a stipulation after the plea bargain had been approved by the convening authority, I would declare the agreement void as well as the plea of guilty based upon it. There being no such showing in this case, I find no prejudice and move on to another provision requiring our interpretation.

There are two appendices to the instant pretrial agreement as follows:

### MAXIMUM SENTENCE APPENDIX TO MEMORANDUM OF PRETRIAL AGREEMENT

\* \* \* \* \* \*

*MAXIMUM SENTENCE TO BE APPROVED BY CONVENING AUTHORITY :*

1. DISCHARGE: That portion of the sentence awarding a punitive discharge will be approved.

2. CONFINEMENT AT HARD LABOR: Only so much of the sentence awarding confinement at hard labor as provides for nine (9) months will be approved.

3. FORFEITURES: Only so much of the sentence awarding forfeitures as provides for $185.00 per month for nine (9) months will be approved.

4. REDUCTION: That portion of the sentence awarding reduction as adjudged will be approved.

### CONDITIONS OF PROBATION APPENDIX TO MEMORANDUM OF PRETRIAL AGREEMENT

\* \* \* \* \* \*

It is understood and agreed that the suspension of those portions of the sentence prescribed as the maximum sentence to be approved by the convening authority is conditioned upon the probationer refraining from committing any acts of misconduct prohibited by the Uniform Code of Military Justice, the laws of the United States, the District of Columbia, or the State of North Carolina, or the regulations of the Department of the Navy or United States Marine Corps. It is also understood that any violation of these conditions may result in the vacation of any suspension.

■ The provision concerning suspension is identical to the one found in *United States v. Eymer, supra.* In that case it was stated:

It is apparent that some portion if not all of the sentence was to be suspended on probation and the ambiguities in the agreement should be resolved in the appellant's favor. *United States v. Hamill,* 8 U.S.C.M.A. 464, 24 C.M.R. 274 (1957); *United States v. Franklin,* 41 C.M.R. 431 (A.C.M.R.1969). If the convening authority had intended that no portion of the sentence was to be suspended he should have made that fact clear in the pretrial agreement. We will act to give effect to suspension of the sentence as the convening authority was legally bound to have done. *United States v. Cox,* 22 U.S.C.M.A. 69, 46 C.M.R. 69 (1972); *United States v. Glaze,* 22 U.S.C.M.A. 230, 46 C.M.R. 230 (1973).

We feel bound to follow the same course in the instant case.

The findings of guilty and sentence as approved below are affirmed, but the execution of the entire sentence is suspended until 3 June 1977, at which time, unless the suspension is sooner vacated, the sentence will be remitted without further action.

CEDARBURG, Chief Judge (concurring in the result):

I concur in the disposition reached in the principal opinion. I reiterate my conclusion expressed in my separate opinion concur-

ring in the result of *United States v. Johnson, supra,* that a provision in the pretrial agreement which voids the sentence portion upon establishment that the accused has committed acts of misconduct subsequent to trial, is not invalid. Nor do I find that a provision, providing for cancellation of the pretrial agreement upon failure of agreement with the trial counsel on the content of a fact stipulation, invalidates the pretrial agreement. However, I emphasize my belief that pretrial agreements should avoid esoteric provisions and concern themselves only with bargaining on the charges and sentence—a plea of guilty in exchange for a limitation of sentence. *Compare, United States v. Cummings,* 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968).

GLASGOW, Judge (dissenting):

The record states that the trial began at 0922, 12 October 1976, but it is indicated that many issues in the case were settled by a six page contract earlier in the day (Appellate Exhibit V, plus Prosecution Exhibit 1). By pretrial agreement, signed 12 October 1976, the appellant and the convening authority agreed on maximum sentence to be approved by the convening authority in consideration for the appellant's plea of guilty. The pretrial agreement also contained a penalty clause, in case the appellant failed "to agree with trial counsel on the contents of the stipulation of facts." That clause was condemned by this Court in *United States v. Harshaw,* No. 75 2262 (N.C.M.R. 31 December 1975); *United States v. Mills,* No. 75 3146 (N.C.M.R. 19 May 1976); *United States v. Welton,* No. 76 0066 (N.C.M.R. 19 May 1976) and *United States v. Eymer,* 1 M.J. 990 (N.C.M.R.1976). There is also a penalty clause based on the appellant's conduct between the date of trial and the date the convening authority approved the sentence. That provision is not included in the suggested form for pretrial agreements, JAGMAN A–1–e and JAGMAN A–1–f, and was considered to be void by one judge and at least unwise or improper by the majority of a panel of

**596**

this Court in *United States v. Johnson*, 54 C.M.R. 435, 2 M.J. 600 (N.C.M.R.1976). Criminal prosecution is an adversary proceeding and should not be settled by contract.

Twenty years ago, Chief Judge Quinn, of the Court of Military Appeals, warned that a pretrial agreement should not transform the trial into an empty ritual. *United States v. Allen*, 8 U.S.C.M.A. 504, 25 C.M.R. 8 (1957). Later, Judge Ferguson, of that Court, stated that a pretrial agreement should be confined to an agreement to plead guilty in exchange for a limit on the punishment which would be approved by the convening authority and that superfluous provisions regarding waiver of fundamental rights were contrary to public policy. *United States v. Cummings*, 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968).

In the opinion of this author, the pretrial agreement in the case *sub judice* ignores rulings and warnings by this Court and the Court of Military Appeals and is contrary to public policy.

Accordingly, I would set aside the findings and sentence and return the case for a rehearing.