UNITED STATES

v.

**Randy L. WHITEKILLER, 444 60 5322, Aviation Structural Mechanic Airman (E–3), U. S. Navy.**

NCM 79 0762.

U. S. Navy Court of Military Review.

Sentence Adjudged 9 Jan. 1979.

Decided 10 Aug. 1979.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before CEDARBURG, FERRELL and ROOT, JJ.

FERRELL, Judge:

Appellant was tried before a general court-martial, military judge alone, at Naval Legal Service Office, Norfolk, Virginia, on 9 January 1979. Pursuant to his pleas, he was found guilty of willful damage of an E–2C Aircraft engine (damage equal to $38,760.00) and four specifications of unauthorized absence, in violation of Articles 108 and 86, respectively, of the Uniform Code of Military Justice, 10 U.S.C. §§ 908 and 886. Appellant was sentenced to be discharged with a dishonorable discharge, confined at hard labor for 5 years, total forfeiture of all pay and allowances, reduction to pay grade E–1 and a fine of $5,000.00. On 9 April 1979, the convening authority approved the sentence, but suspended all confinement in excess of 13 months, pursuant to a pretrial agreement.

Appellant assigns the following errors:

I

A FINE IS INAPPROPRIATE PUNISHMENT IN THE CIRCUMSTANCES OF THIS CASE BECAUSE APPELLANT WAS NOT UNJUSTLY ENRICHED BY COMMITTING THE OFFENSES OF

WHICH HE WAS CONVICTED. PARAGRAPH 126*h*(3), MCM, 1969 (REV.).

## II

THE MILITARY JUDGE ABUSED HIS DISCRETION IN NOT ORDERING MORE THAN A DAY–FOR–DAY ADMINISTRATIVE SENTENCE CREDIT AS A CONSEQUENCE OF THE 53 DAYS OF ILLEGAL PRETRIAL RESTRICTION WHICH APPELLANT SUFFERED. *SEE United States v. Carmel*, 4 M.J. 744, 748 (N.C.M.R.1978).

■ We find no merit in appellant's second assignment of error. The military judge was correct when he credited the appellant with the number of days actually spent in illegal pretrial restraint. *United States v. Malia*, 6 M.J. 65 (C.M.A.1978); *United States v. Larner*, 1 M.J. 371 (C.M.A. 1976).

■ The appellant, in his first assignment of error, contends the $5,000.00 fine was inappropriate because he was not unjustly enriched by his offenses. The "unjust enrichment" condition for imposing a fine is not mandatory, but only directory. *United States v. Cuen*, 9 USCMA 332, 26 CMR 112 (1958); *United States v. Higdon*, 2 M.J. 445, 456 (A.C.M.R.1975). Appellant admitted he willfully damaged a jet aircraft engine by placing a metallic cover into the engine inlet. The foreign object was subsequently ingested into the engine compressor, causing damage in the sum of about $38,760.00. We believe a $5,000.00 fine to be appropriate for such a deliberate and reprehensible act by a service member.

While we find no merit in appellant's contention that the fine is inappropriate for his offenses, we do find we must disapprove the fine in this case for other reasons.

■ The appellant entered into a pretrial agreement with the convening authority and pleaded guilty to all the Charges and specifications at his general court-martial. The military judge, during the inquiry into the providency of appellant's guilty pleas, stated:

MJ: All right. The maximum punishment you could receive in this case is:

A dishonorable discharge;

Confinement at hard labor for seven and a half years;

Forfeiture of all pay and allowances; and

Reduction to pay grade E–1.

Is that your understanding?

ACCUSED: Yes, sir.

(R.10). The military judge thus marked out the limits of the punishments he could impose; he did not include a fine. A fine is not a lesser form of punishment than forfeiture of pay, but is indeed a more severe punishment. *United States v. Cuen, supra.* We agree with the opinion of the U. S. Coast Guard Court of Military Review, who, in a similar situation, wrote that:

[W]here the military judge is the court and imposes the sentence, but the accused has pleaded guilty and the judge has declared the maximum authorized punishment, his declaration "marks out the legal framework within which the court may exercise its powers." The judge did not declare that a fine was authorized; therefore he could not legally impose a fine.

*United States v. Martinez*, 2 M.J. 1123 (CGCMR 1976).

In addition to the above, we also find another problem relating to the fine in this case. The military judge, during the inquiry concerning the pretrial agreement, stated:

MJ: And there's four parts to the sentence. The discharge part, the confinement and restraint part, the money part, forfeitures and fines, and the reduction in rate. Do you understand that?

ACCUSED: Yes, sir.

(R.24). The pretrial agreement concerning "the money part" provides:

3. Forfeiture or fine (amount and duration) as adjudged.

The wording of the pretrial agreement and the advice given by the military judge creates an ambiguity as to the understanding of the appellant in regard to a fine. Did the accused think he could receive forfeitures and a fine or did he think he would receive a fine or forfeitures but not both? This ambiguity must be resolved in favor of the appellant. *United States v. Eymer*, 1 M.J. 990 (NCMR 1976).

Therefore we approve the findings and sentence as approved below except that portion of the sentence which imposes a fine of $5,000.00. The fine is disapproved.

Chief Judge CEDARBURG and Judge ROOT concur.