**UNITED STATES**

v.

**Charles Glen SWOFFORD, 468 64 4441, Boatswain's Mate Third Class (E–4), U. S. Navy.**

**NCM 81 0158.**

U. S. Navy Court of Military Review.

Sentence Adjudged 27 March 1980.

Decided 16 April 1981.

LT Lynn M. Maynard, JAGC, USN, Appellate Defense Counsel.

LCDR Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

Before GREGORY, DONOVAN and GLADIS, JJ.

DONOVAN, Judge:

Appellant assigns one error which he asserts occurred in the pre-sentencing stage of his special court-martial by military judge alone. Citing the language of § 0117, *Manual of the Judge Advocate General,* he argues that Prosecution Exhibit 4, which reflects a 4-month unauthorized absence, was impermissibly received into evidence as it did not meet the criteria of that citation in that it was not a "nonjudicial punishment" or a "conviction." [1] Absent Prosecution Exhibit 4, he avers, there is no admissible evidence tolling the 2-year limit on evidence of prior nonjudicial punishments (NJP); hence, Prosecution Exhibits 2 and 3 were inadmissible since these records of two NJP's held in 1976 rely on Prosecution Exhibit 4 to toll the 2-year period.

The contested citation, JAGMAN § 0117, is set out in full:

In accordance with the authority contained in paragraph 75d, MCM, the trial counsel may, prior to sentencing, obtain and present to the military judge, for use by either the court members or the military judge if sitting alone, personnel records of the accused or copies or summaries thereof. Personnel records of the accused include all those records made or maintained in accordance with Departmental regulations which reflect the past conduct and performance of the accused. Records of nonjudicial punishment must relate to offenses committed prior to trial and during the current enlistment or period of service of the accused, provided such records of nonjudicial punishment shall not extend to offenses committed more than two years prior to the commission of any offense of which the accused stands convicted. In computing the two year period, periods of unauthorized absence as shown by the records of nonjudicial punishment or by the evidence of previous convictions should be excluded. See paragraph 75d, MCM, for applicable procedural regulations.

The facts of this case are inconsistently affected by JAGMAN § 0117. The first two sentences of § 0117 seem clearly to authorize the admissibility of Prosecution Exhibit 4, even though no conviction or NJP resulted therefrom, the statute of limitations on that offense not having been properly tolled.[2] In offering Prosecution Exhibit 4 as a "personnel record", however, the trial counsel said that its sole purpose was to serve as a foundation for Exhibits 2 and 3. The penultimate sentence of § 0117 seems to prohibit its use to toll the 2-year period needed to render the offered records of the two 1976 NJP's admissible.

It could be urged that the penultimate sentence of § 0117 refers to NJP and conviction merely as *examples* of the usual means of documentation, not as limitations on means; otherwise one could infer that Departmental policy suggests punitive disciplinary action for all unauthorized absences must occur as punishment and as advance planning for possible later use in aggravation.

---

1. Prosecution Exhibit 4 is a single page form, Record of Unauthorized Absence (NAVPERS 1070/606).

2. Article 43(c), Uniform Code of Military Justice, 10 U.S.C. § 843(c); paragraph 68c, *Manual for Courts-Martial, 1969 (Rev.)* (MCM). *See* Block 49, Prosecution Exhibit 4.

In the usual course of events, significant periods of unauthorized absence are the subject of NJP or court-martial proceedings. A literal interpretation assumes that disciplinary action must necessarily result. This is not so. Paragraph 32*d*, MCM; PAYPERSMAN section 90435a ("Note"). *See also* JAGMAN § 0101c. PAYPERSMAN sections 10373*b* and 90435 require reporting, and entry into the personnel administration system, of periods of unauthorized absence in excess of 24 hours. *See also* BUPERSMAN sections 3430100, 3430150 and 3430200. This is a ministerial duty. Disciplinary action is discretionary. Periods of unauthorized absence may go unpunished, *inter alia*, for clemency reasons or for operational necessity.

On the other hand, periods of unauthorized absence which are not punished or which, as here, are barred from punishment, may have been intentionally foreclosed by the Judge Advocate General from serving an adverse purpose. The ambiguity in the intent of the penultimate sentence of § 0117 must be resolved favorably to the appellant. *Cf. United States v. Eymer*, 1 M.J. 990, 992 (N.C.M.R.1976).

Accordingly, we conclude that Prosecution Exhibit 4 was objectionable evidence to support the admission of Prosecution Exhibits 2 and 3 which between them reflect three unauthorized absences of 3 hours, 1 hour and 2½ hours. The defense counsel offered no objection, however, to the use of Prosecution Exhibit 4 as a foundation for Prosecution Exhibits 2 and 3; he thereby waived his objections. Paragraph 75*d*, MCM. The waiver doctrine is not unfairly applied, moreover, in view of the minor absences those documents reflect compared with the duration of appellant's lengthy absences herein subject to trial and the sentence adjudged.

Accordingly, the assigned error is rejected. The findings of guilty and sentence, as approved on review below, are affirmed.

Senior Judge GREGORY and Judge GLADIS concur.