**UNITED STATES**

**v.**

**David Anthony RODRIQUEZ, 449 27 2203, Seaman Recruit (E–1), U. S. Navy**

**NMCM 80 0941.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence adjudged 15 Nov. 1979.

Decided 30 Oct. 1981.

LCDR I. D. Warden, Jr., JAGC, USN, Appellate Defense Counsel.

LT J. G. Van Winkle, JAGC, USN, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY, and KERCHEVAL, JJ.

ABERNATHY, Judge:

Appellant assigns the following error for our consideration:

> THE APPELLANT'S PLEA WAS IMPROVIDENT AS IT WAS ENTERED IN ACCORDANCE WITH A PRETRIAL AGREEMENT WHICH VIOLATED PUBLIC POLICY BY REQUIRING APPELLANT TO STIPULATE TO THE TESTIMONY OF WITNESSES.

In support of this assignment, appellant invites the Court's attention to our holding in *United States v. Neal*, 3 M.J. 593, (N.C. M.R.1977), apparently relying on *dicta* in the lead opinion to the effect that "[i]n a proper case, however, upon a showing that the accused was forced to agree to trial counsel's terms for a stipulation after the plea bargain had been approved by the convening authority, I would declare the agreement void as well as the plea of guilty based upon it." *Neal* at 594, citing *United States v. Eymer*, 1 M.J. 990 (N.C.M.R.1976). Condemnation in *Eymer* of such provisions in pretrial agreements was also *dicta* which, in turn, was based upon three decisions of this Court wherein such provisions were found to be improper, but without prejudice to the accused.

In the instant case, the agreement called upon the appellant to "enter into reasonable stipulations of expected testimony." At trial, the military judge established that the provision was intended to apply only to government witnesses, and, after an extensive colloquy with the trial defense counsel, satisfied himself that the stipulations were fair and consistent with sound trial tactics on the part of the defense. Assuming once again, as my brothers have in the past, that prejudice might flow from a provision requiring defense to stipulate without qualification to facts or testimony "sight unseen," I can find no prejudice in the case *sub judice*. Accordingly, the findings and sentence as acted upon by prior reviewing authorities are affirmed.

Judge KERCHEVAL concurs.

BAUM, Senior Judge (concurring):

In the years since *United States v. Neal*, 3 M.J. 593 (N.C.M.R.1977), there has been considerable development in the law with respect to the responsibility of military judges to ensure that pretrial agreements reflect all the terms agreed upon, are in accord with the law and public policy, are not fundamentally unfair and are fully understood by all parties. See *United States v. King*, 3 M.J. 458 (C.M.A.1977); *United States v. Hoaglin*, 10 M.J. 769 (N.C.M.R. 1981) and the cases cited therein; *United States v. Williamson*, 4 M.J. 708 (N.C.M.R. 1977). The military judge in this case, LCDR David Larson, did an excellent job in that regard, fully meeting the requirements of the cited cases. In so doing, he determined that the term of the pretrial agreement requiring appellant to "enter into rea-

sonable stipulations of expected testimony of all witnesses outside San Diego area" was actually limited to only certain prosecution witnesses outside the area and that the appellant fully understood what he was required to do and the rights he was thereby relinquishing. Moreover, the judge withheld final approval of the agreement until he had read all the stipulations and had determined that they did not violate public policy or the judge's concepts of fundamental fairness. Furthermore, the judge satisfied himself that the appellant and his counsel agreed with the stipulations, as worded, and desired to enter into them as an undertaking in appellant's best interest. From all that has been laid on the record, it is an easy matter for this Court to reach the same conclusions and find nothing improper with respect to the stipulations or the questioned provision of the pretrial agreement as it was explained and interpreted by all the parties. Accordingly, while I adhere to the views expressed in *Neal* and continue to believe it better practice for all parties to agree upon the wording of required stipulations at the time a pretrial agreement is signed and then to attach them as part of the agreement, I find the plea bargain provision and stipulations in this case to be proper. I, therefore, concur with the majority's disposition.