**UNITED STATES, Appellee,**

v.

**Private First Class Lenell DAVIS, Jr., 425–31–2708, United States Army, Appellant.**

**CM 446326.**

U.S. Army Court of Military Review.

26 July 1985.

Lieutenant Colonel Arthur L. Hunt, JAGC, Major Stephen R. Dooley, JAGC, and Captain Paul E. Conrad, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain Karen A. Charbonneau, JAGC, were on the pleadings for appellee.

Before SUTER, YAWN, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

WALCZAK, Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was convicted of assault and communication of a threat in violation of Articles 128 and 134, Uniform Code of Military Justice. Appellant ·was sentenced to a bad-conduct discharge, confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to the grade of E–1. The convening authority approved the sentence. The appellant contends that by approving the bad-conduct discharge the convening authority violated the terms of the pretrial agreement in this case. We agree.

The initial pretrial agreement proposed by civilian defense counsel provided that the convening authority would "approve no sentence in excess of: a bad-conduct discharge, reduction to Private E–1, total forfeiture of all pay and allowances, and confinement at hard labor for seven months." In the document which was ultimately accepted by the convening authority and the appellant, the words "bad-conduct discharge" were crossed out and the term of confinement was increased to eighteen months. By its express terms, the pretrial agreement prevented the convening authority from approving any sentence in excess of reduction to the grade of Private E–1, total forfeitures, and eighteen months of confinement at hard labor.

The government asserts that the convening authority, by crossing out the words "bad-conduct discharge," intended to preserve the right to approve any punitive discharge adjudged. This interpretation of the pretrial agreement conflicts with the plain wording of the document. Courts have consistently emphasized that "pretrial agreements will be strictly enforced based upon the express wording of the agreement." *United States v. Lanzer*, 3 M.J. 60, 62 (C.M.A.1977). *See also United States v. Partin*, 7 M.J. 409, 412 (C.M.A. 1979); *United States v. Elliott*, 10 M.J. 740, 741 (N.C.M.R.1981). Application of this principle is especially appropriate when, as in this case, the evidence of record does not establish that the parties to the agreement interpreted its terms in a manner inconsistent with its plain language.[1] Although the government maintains that the parties' statements after the military judge reviewed the quantum portion of the pretrial agreement indicate they understood a bad-conduct discharge could be approved, we find no merit to this argument.

After the military judge announced the appellant's sentence, he reviewed the effect the pretrial agreement would have upon

---

1. This Court echoes *United States v. James*, 8 M.J. 637, 640 n. 7 (A.C.M.R.1979), in "express[ing] no opinion as to the possible outcome of a situation wherein, either through the record of trial or evidence presented directly to the Court, all of the parties to a pretrial agreement clearly manifest a mutual intention that is at odds with the plain meaning of the written agreement."

the adjudged punishment. The following statements were made:

> MJ: Now, in this case the pretrial agreement says that the convening authority will approve no sentence in excess of—now "a bad conduct discharge" is crossed out, so that isn't part of it—reduction to E–1, total forfeitures of all pay and allowances, and confinement at hard labor for eighteen months. Now, since the sentence I have given is less than that, that would appear to have no effect on the sentence I have adjudged.
>
> Is that your understanding, counsel?
>
> IDC: Yes, Your Honor.
>
> MJ: Is that yours?
>
> ACC: Yes, Your Honor.
>
> MJ: And yours, as well?
>
> TC: Yes, Your Honor.

As a preliminary matter, even if the military judge's statements could be interpreted as indicating that the convening authority was free to approve the bad-conduct discharge, those statements would have been a misinterpretation of the pretrial agreement and not binding on the parties. As the Court of Military Appeals held in *United States v. Partin*, 7 M.J. at 412 (C.M.A.1979), an obvious misinterpretation of the pretrial agreement by the military judge constitutes "an attempted addition by implication of new terms not agreed upon by the accused and the convening authority. Acquiescence of ... counsel does not constitute agreement to additional terms.... Such unagreed upon terms are not binding on the parties to [the] agreement, or the appellate courts."

█ In this case, however, the military judge's brief discussion of the pretrial agreement's sentencing provisions was at best ambiguous. While the military judge's remarks could be interpreted as suggesting that a bad-conduct discharge could be approved, his remarks could also have been nothing more than a recitation of the plain language of the pretrial agreement. It is axiomatic that ambiguities in the interpretation of pretrial agreements are resolved in favor of the accused. *See*

*United States v. Whitekiller*, 8 M.J. 772, 774 (N.C.M.R.1979); *United States v. Eymer*, 1 M.J. 990, 992 (N.C.M.R.1976); *United States v. Buchheit*, 46 C.M.R. 866, 867 (A.C.M.R.1972).

In a case similar to the one at issue, we found the terms of a pretrial agreement were violated when the convening authority did not suspend a dishonorable discharge as required by the plain terms of the agreement. *United States v. James*, 8 M.J. 637 (A.C.M.R.1979). Although the court believed that the convening authority did not intend the suspension to be applied to the discharge and that this intention had been discussed with the accused, the court held "because the understanding and intent of the parties was not clarified, we must enforce the terms of the pretrial agreement as written, as the appellant now asks." *Id.* at 640. We can do no less in this case.

The findings of guilty are affirmed. The Court affirms only so much of the sentence as provides for confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

Chief Judge SUTER and Senior Judge YAWN concur.