UNITED STATES, Appellee,

v.

Specialist Nicholas R. WOMACK, 531–98–2360, United States Army, Appellant.

ACMR 9003072.

U.S. Army Court of Military Review.

12 March 1992.

For Appellant: Captain Robin N. Swope, JAGC, Captain Michael W. Meier, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Timothy W. Lucas, JAGC (on brief).

Before JOHNSON, WERNER and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

In accordance with his pleas, the appellant was found guilty of operating a motor vehicle while drunk, in violation of Article 111, Uniform Code of Military Justice, 10 U.S.C. § 911 (1982) [hereinafter UCMJ]. A military judge sitting as a general court-martial sentenced the appellant to forfeit $500.00 pay per month for one month and to be reduced to the grade of E3. The convening authority approved the sentence.

Pursuant to Article 69(d)(1), UCMJ, 10 U.S.C. § 869(d) (Supp. I 1983), The Judge Advocate General referred this case to this court for review under provisions of Article 66, UCMJ, 10 U.S.C. § 866 (Supp. I 1983).[1] He specified the following two issues:

IN A PLEA BARGAIN WHICH ADDRESSES ONLY THE DISMISSAL OF CERTAIN CHARGES IN RETURN FOR THE ACCUSED'S PLEAS OF GUILTY, MUST THE CONVENING AUTHORITY'S POWER TO APPROVE ANY LAWFUL SENTENCE ADJUDGED BE EXPRESSLY STATED?

IF THE ANSWER TO ISSUE I IS NO, DID THE MILITARY JUDGE'S FAILURE TO ENSURE THAT ALL PARTIES AGREED TO THE TERMS OF THE PRETRIAL AGREEMENT AND THAT THE ACCUSED UNDERSTOOD THE MEANING AND EFFECT OF THE AGREEMENT VITIATE THE ACCUSED'S PLEAS?

We need only address the second issue in order to resolve the case. We hold that the military judge erred in failing to resolve an apparent ambiguity in the pretrial agreement, but that the error did not vitiate the plea in this case.

### I.

In addition to the charge of drunk driving of which he was convicted, the appellant was originally charged with damaging nonmilitary property and assault with a loaded firearm, in violation of Articles 109 and 128, UCMJ, 10 U.S.C. §§ 909, 928. Prior to trial, the appellant proposed a pretrial agreement in which he agreed to plead guilty to drunk driving if the convening authority agreed to withdraw the remaining charges. The agreement contained no mention of a limitation on the sentence. The convening authority approved this agreement.

At trial, the appellant entered a guilty plea to the drunk driving charge and not

---

1. Because the case was referred to this court under the provisions of Article 69(d), UCMJ, our review is limited to taking action only with respect to matters of law. UCMJ art. 69(e); *United States v. Warnock,* 34 M.J. 567 (A.C.M.R. 1991).

guilty pleas to the damage to property and assault charges. Following a provident plea to the drunk driving offense, the military judge granted the trial counsel's motion to withdraw the remaining charges. After sentencing the appellant, the military judge examined the quantum portion of the pretrial agreement. He expressed his opinion that the agreement permitted the convening authority to only approve a sentence of no punishment. The trial counsel disputed this interpretation. The following exchange between the military judge and trial counsel occurred:

TC: Well, Number one, Your Honor, the government didn't draft the agreement; the defense counsel did.

MJ: Number one, the government has to agree to it. So regardless of where it comes from.... Obviously then, the convening authority agrees to approve—is free—is not free to approve any sentence in this case.

TC: I don't believe that's accurate, Your Honor. I think the agreement was that the government will withdraw the two specifications and then the accused is subject to whatever punishment on the single charge and spec[ification] that he was found guilty of.

MJ: I don't see it that way. That is the quantum portion of the pretrial agreement.

TC: Yes, Your Honor.

MJ: The quantum portion of the pretrial agreement says that the convening authority will withdraw the two charges.

TC: Charge I and III.

MJ: Right.

TC: Yes, Your Honor.

MJ: That's what he's agreeing to approve in this case if the accused pleads guilty.

TC: That's what he's agreed to do, yes, Your Honor.

MJ: And that's what he agreed to do period. It doesn't leave him free to approve, in my view, any sentence. You obviously can look up the law, but I think you'll find that to be the case.

. . . .

My perception is the quantum portion of the pretrial agreement made by this convening authority consists of withdrawing the charges, period. And if it was the intent of the parties that the convening authority would be free to approve any sentence that was adjudged as a consequence of his pleading to what amounts to a special court-martial level, essentially, then they should have recited that.[2]

The military judge and trial counsel merely "agreed to disagree." The military judge did not question the appellant or his defense counsel regarding their understanding of the pretrial agreement, and the trial concluded without resolving the issue. In his post-trial recommendation, the staff judge advocate recommended that the convening authority approve the adjudged sentence. In his post-trial submissions the defense counsel, citing the military judge's interpretation of the pretrial agreement, asked the convening authority to "disapprove the sentence of the court-martial and allow SPC Womack to retain his rank and pay."[3] In an addendum to the post-trial recommendation, the staff judge advocate adhered to his earlier position. The convening authority approved the adjudged sentence.

## II.

▮ When a pretrial agreement exists, the parties must inform the military judge of its existence and the military judge "shall inquire to insure: (A) That the accused understands the agreement; and (B) That the parties agree to the terms of the agreement." R.C.M. 910(f). *See also United States v. Muller*, 21 M.J. 205, 207 (C.M.A.1986) (terms of pretrial agreements

---

**2.** Those portions of the nonverbatim record of trial that are critical to our resolution of this case have been reproduced verbatim through means of a certification of correction and have been authenticated by the military judge.

**3.** We interpret this to be an inarticulate request to approve a sentence of no punishment. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1002 [hereinafter R.C.M.].

are to be determined at trial). However, the military judge's interpretation of the terms is not binding on the parties. *United States v. Partin*, 7 M.J. 409 (C.M.A. 1979); *United States v. Davis*, 20 M.J. 903 (A.C.M.R.1985).

▆ "It is not intended that failure to comply with [R.C.M. 910(f)] will necessarily result in an improvident plea. *See United States v. Passini*, [10 M.J. 108 (C.M.A. 1980)]; *cf. United States v. Davenport*, [9 M.J. 364 (C.M.A.1980)]. *Contra United States v. King*, 3 M.J. 458 (C.M.A.1977)." Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 910(f) analysis, app. 21, at A21–53 [hereinafter R.C.M. analysis].

R.C.M. 910(h)(3) provides:

After sentence is announced the military judge shall inquire into any parts of a pretrial agreement which were not previously examined by the military judge. If the military judge determines that the accused does not understand the material terms of the agreement, or that the parties disagree as to such terms, the military judge shall conform, with the consent of the Government, the agreement to the accused's understanding or permit the accused to withdraw the plea.

This section is based on *United States v. Green*, 1 M.J. 453 (C.M.A.1976) and *United States v. Kraffa*, 11 M.J. 453 (C.M.A.1981). R.C.M. 910(h)(3), analysis, at A21–54.

▆ When this court reviews the terms of pretrial agreements, ambiguities are resolved in favor of the appellant. *United States v. Viverito*, 34 M.J. 872 (A.C.M.R. 1992); *Davis*, 20 M.J. 903.

## III.

▆ The military judge, having detected an apparent ambiguity in the pretrial agreement, engaged in a long dialogue with the trial counsel regarding the meaning and effect of the pretrial agreement without determining the appellant's understanding of the terms. The record therefore contains nothing more than a disagreement between the military judge and trial counsel without any inquiry of or participation by the appellant. It was incumbent upon the military judge to seek the appellant's understanding of the terms and to either conform the agreement to the appellant's understanding or permit the appellant to withdraw from the agreement.[4]

We find that the military judge's failure to do so violated R.C.M. 910(f) and (h) and constituted error.

In fashioning a remedy in this case, we are not necessarily required to set aside the plea as improvident, although that option is available to us.[5] R.C.M. 910(f), analysis, at A21–53; *United States v. Williams*, 18 M.J. 186, 189 (C.M.A.1984) (Everett, C.J., concurring). In this case, this court will affirm a sentence no greater than that which the appellant could have received under the most favorable interpretation of the agreement.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, this court affirms a sentence of no punishment.

Senior Judge JOHNSON and Judge WERNER concur.

---

**4.** We express no opinion on the correctness of the military judge's interpretation of the terms of the pretrial agreement. The colloquy between the military judge and the trial counsel clearly shows a perceived ambiguity in those terms. A necessary legal skill is the ability to construct binding legal documents without ambiguity and with sufficient detail so that they are not subject to later attack for imprecision in their terms. An express and precise provision in this pretrial agreement delineating the convening authority's power to approve all, some, or none of the adjudged sentence would have avoided the issue and the outcome in this particular case.

**5.** The answer to the second specified issue in this particular case is therefore in the negative.