*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HOLIFIELD, BAKER, and DEERWESTER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Trajon A. JETER**
Airman (E-3), U.S. Navy
*Appellant*

**No. 202000270**

Decided: 27 September 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Benjamin C. Robertson

Sentence adjudged 8 September 2020 by a general court-martial convened at Fleet Activities Yokosuka, Japan, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 25 months, and a bad-conduct discharge.

For Appellant:
*Commander Jonathan Riches, JAGC, USN*

For Appellee:
*Brian K. Keller, Esq.*

———————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

———————————————

PER CURIAM:

Appellant was convicted, pursuant to his pleas, of one specification of destruction of military property of a value less than $1,000.00, one specification of aggravated assault, and two specifications of simple assault, in violation of Articles 108 and 128, Uniform Code of Military Justice [UCMJ].[1] Appellant's case was submitted without assignment of error. However, Appellant noted in his brief that "the military judge appears to have read a portion of the sentence to confinement incorrectly on the record."[2] Because we find that the confusion in the Entry of Judgment prejudiced Appellant, we resolve this error in favor of Appellant.

## I. DISCUSSION

### A. Whether the Military Judge Erred When He Failed to Provide a Clear and Unambiguous Sentence

The military judge found Appellant guilty, pursuant to his pleas, of Specifications 1 through 3 of Charge II, as well as Charge IV and its underlying Specification. In sentencing Appellant, the military judge provided a clear sentence in part, and a confusing and ambiguous sentence in part. It is apparent from the record that the military judge sentenced Appellant to be discharged from the naval service with a bad-conduct discharge, to be reduced to the pay grade of E-1, and to be confined as follows:

> For Charge II, Specification 1: To be confined for a period of 24 months;

> For Charge II, Specification 2: To be confined for a period of 6 months;

---

[1] 10 U.S.C. § 908, 928.

[2] Appellant's Br. at 1, fn 1.

For Charge II, Specification 3: To be confined for a period of 1 month;

For Charge IV, the sole Specification: To be confined for a period of 1 month.

Where the ambiguity arose was in the military judge's recitation of which charges and specifications were to be served concurrently and consecutively. The military judge announced the following sentence at the court-martial:

The sentences of confinement for Charge II, Specification 2[3] will be served concurrently with the sentences of confinement for Charge II, Specifications 2 and 3; and consecutively with the sentence of confinement for Charge IV, the sole Specification.

The sentences of confinement for Charge II, Specifications 2 and 3 will be served concurrently with the sentence of confinement for Charge I, Specification 1[4] and Charge IV, Specification—the sole Specification.

The sentence of confinement for Charge IV, Specification will be served consecutively with the sentences of confinement for Charge II, Specification 1 and concurrently with the sentences of confinement for Charge II, Specification 2.[5]

A military judge is responsible for announcing the sentence and specifying the term of confinement, and "for each term of confinement announced . . . whether the term of confinement is to run concurrently or consecutively with any other term or terms of confinement adjudged . . . ."[6] In this case the military judge erred by providing a sentence that is ambiguous as to which charges and specifications are to run concurrently and consecutively. The military judge added to that ambiguity by including within this portion of the sentencing a charge and specification of which Appellant was not found

---

[3] It is possible that the military judge had intended for this section of his sentencing to address Charge II, Specification 1.

[4] This is clearly in error, the military judge did not find the Appellant guilty of Charge I, Specification 1 (nor did the Appellant plead guilty to this Charge and Specification). It is possible that the military judge had intended for this to address Charge II, Specification 1.

[5] R. at 167. The military judge did not address Charge II, Specification 3.

[6] Rule for Courts-Martial [R.C.M.] 1007(b)(2), *see also* R.C.M. 1002(d)(2).

guilty. Consequently, we conclude that the military judge's sentence is ambiguous and unclear.

## B. Whether there is an Error in the Entry of Judgment

The purpose of the Entry of Judgment is to reflect the result of the court-martial, including the sentence, as modified by any post-trial actions, rulings, or orders.[7] In this matter, there were no post-trial actions, rulings or orders that affected the sentence. Regardless, the sentence found in the Entry of Judgment is not a reproduction of that announced by the military judge at the court-martial. In part, where the sentence appears to have discussed Charge II, Specification 2, the Entry of Judgment references Charge II, Specification 1, and further the Entry of Judgment does not address the military judge's incorrect inclusion of Charge I, Specification 1 in the sentence. The result may reflect what was the intent of the military judge, but without any other action post-trial, the Entry of Judgment should not stray from that announced by the military judge at the court-martial. As the Entry of Judgment is dissimilar from the sentence announced at trial, we conclude that there is an error in the Entry of Judgment, and we resolve this error in favor of Appellant.[8]

## II. CONCLUSION

The findings of guilty are **AFFIRMED**. Because we resolve the error in the Entry of Judgment in favor of Appellant, we modify the adjudged sentence to reflect that all terms of confinement shall run concurrently.[9] Appellant is entitled to have court-martial records that correctly reflect the

---

[7] R.C.M. 1111(a)(2), *see also* R.C.M. 1111(b)(2).

[8] *United States v. Whitekiller*, 8 M.J. 772, 774 (N.C.M.R. 1979) ("This ambiguity must be resolved in favor of Appellant."); *United States v. Eymer*, 1 M.J. 990, 992 (N.M.C.R. 1976) ("It is apparent that some portion if not all of the sentence was to be suspended on probation and the ambiguities in the agreement should be resolved in the appellant's favor."); *see also United States v. Davis*, 20 M.J. 903, 905 (A.C.M.R. 1985) ("Ambiguities in the interpretation of pretrial agreements are resolved in favor of the accused."); *United States v. Kurtz*, No. 20130215, 2015 CCA LEXIS 127, at *4 (Army Ct. Crim. App. Mar. 16, 2015) (unpublished) ("it is appropriate for this court to resolve the ambiguity surrounding this term [in the pretrial agreement] in favor of appellant and disapprove the adjudged forfeitures.").

[9] Articles 59 & 66, UCMJ.

content of his proceeding.[10] Therefore, in accordance with R.C.M. 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

In light of the confusion and ambiguity addressed herein, we remind military trial judges to give scrupulous attention to detail concerning all aspects of the sentencing process. Military trial judges must pay particular attention when sentences blend concurrent and consecutive confinement periods, as lack of clarity can result in confusion in the execution of the sentence. Finally, we caution convening authorities and counsel against overly complex provisions regarding sentences to confinement.

The findings and sentence as modified are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[10] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202000270 |
| **v.** | **ENTRY OF JUDGMENT** |
| **Trajon A. JETER**<br>**Airman (E-3)**<br>**U.S. Navy** | *As Modified on Appeal* |
| *Accused* | **27 September 2021** |

On 8 September 2020, the Accused was tried at Fleet Activities Yokosuka, Japan, by a general court-martial, consisting of a military judge sitting alone. Military Judge Benjamin C. Robertson presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880.**

    *Plea:* Not Guilty.
    *Finding:* Dismissed.

**Specification:** **Attempted sexual assault of Airman Apprentice K.A. on or about 28 March 2020.**

    *Plea:* Not Guilty.
    *Finding:* Dismissed.

**Charge II:** **Violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928.**

    *Plea:* Guilty.
    *Finding:* Guilty.

**Specification 1:** **Aggravated assault with substantial bodily harm of Airman Apprentice K.A. on or about 28 March 2020.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 2:** **Aggravated assault by strangulation of Airman Apprentice K.A. on or about 28 March 2020.**

> *Plea:* Not Guilty, but Guilty to the lesser included offense of assault consummated by a battery.
> *Finding:* Not Guilty, but Guilty to the lesser included offense of assault consummated by a battery.

**Specification 3:** **Simple assault of Aviation Maintenance Administrator Striker Airman C.D. on or about 28 March 2020.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 4:** **Assault upon Master-at-Arms Second Class D.D., a law enforcement officer, on or about 28 March 2020.**

> *Plea:* Not Guilty.
> *Finding:* Dismissed.

**Charge III:** **Violation of Article 131b, Uniform Code of Military Justice, 10 U.S.C. § 931b.**

> *Plea:* Not Guilty.
> *Finding:* Dismissed.

**Specification:** **Obstruction of justice on or about 28 March 2020.**

> *Plea:* Not Guilty.
> *Finding:* Dismissed.

**Charge IV:** **Violation of Article 108, Uniform Code of Military Justice, 10 U.S.C. § 908.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification :** **Destruction of military property, of a value less than $1,000.00, on or about 28 March 2020.**

> *Plea:* Guilty.
> *Finding:* Guilty.

## SENTENCE

On 8 September 2020, a military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

*For Specification 1 of Charge II:*
    confinement for 24 months.

*For Specification 2 of Charge II:*
    confinement for 6 months.

*For Specification 3 of Charge II:*
    confinement for 1 month.

*For the Specification of Charge IV:*
    confinement for 1 month.

All terms of confinement will run concurrently.

**Confinement for a total of 24 months.**

**A bad-conduct discharge.**

The Accused has served 154 days pretrial confinement and is additionally credited with 13 days of judicially ordered confinement credit. The Accused shall be credited with 167 days of confinement already served, to be deducted from the adjudged sentence to confinement.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court