**UNITED STATES**

v.

**Specialist Four James E. STEVENS, 273–56–2085, U. S. Army, Company A, 82d Signal Battalion, 82d Airborne Division, Fort Bragg, North Carolina 28307.**

**SPCM 11561.**

U. S. Army Court of Military Review.

Sentence Adjudged 21 Aug. 1975.

Decided 30 Dec. 1975.

Appearances: Appellate counsel for the Accused: CPT Barry J. Wendt, JAGC; CPT John R. Osgood, JAGC; LTC James Kucera, JAGC. Appellate counsel for the United States: CPT Gay M. Holmes, JAGC; CPT William C. Kirk, JAGC; MAJ John T. Sherwood, Jr., JAGC.

**OPINION OF THE COURT**

PER CURIAM:

The appellant was convicted by a special court-martial of larceny in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The sentence imposed by the military judge included a bad-conduct discharge, confinement at hard labor for four months, forfeiture of $100.00 a month for five months and reduction to the grade of Private (E–1). The convening authority approved the sentence but suspended the discharge.

The appellant pleaded guilty pursuant to an oral pretrial agreement. Neither in the record of trial nor the posttrial review are the terms of the agreement reflected. In the proper discharge of our responsibility to affirm a sentence that is correct in law and fact, it is imperative that we are at least apprised of the maximum quantum of punishment the convening authority agreed to approve, so we can determine whether his action complies with the terms of the agreement.*

The review in this case is an abbreviated one that was prepared on a single DA Form 2496 (Disposition Form) apparently in compliance with a local format for staff papers. In addition to the failure to reflect the terms of the pretrial agreement, it failed to set out or discuss the following: personal data concerning the appellant, including his civilian and military background; advice as to the maximum punishment; the convening authority's responsibilities and discretionary powers; whether there were errors that materially prejudiced appellant's substantial rights; whether the guilty plea was provident; whether the findings and sentence were legally correct; and whether the court had jurisdiction over the person and the offense.

The action of the convening authority, dated 9 September 1975 is set aside. The record of trial is returned to The Judge Advocate General for a new review and action.

JONES, O'DONNELL and FELDER, Appellate Military Judges.

---

* The record of trial does not reveal why the parties failed to enter into a written agreement. Pretrial agreements serve a useful purpose in the administration of military justice—from the point of view of both the Government and the accused. Such agreements, however, require judicial scrutiny to insure that they comport with public policy and are consistent with the requirements of due process. See, e. g., United States v. Troglin, 21 U.S.C.M.A. 183, 44 C.M.R. 237 (1972). As the Court of Military Appeals noted in United States v. Holland, 23 U.S.C.M.A. 442, 443, 50 C.M.R. 461, 462, 1 M.J. 58, 59 (1975):

"Indeed, the many and varied schemes that have been employed in disposing of charges by way of the guilty plea route have demanded our continued scrutiny of the plea bargaining process."

The most effective method of insuring meaningful judicial review is through the use of written agreements which incorporate all terms of the agreement. We strongly urge that all pretrial agreements be executed in writing and incorporated in the record of trial as appellate exhibits.