**UNITED STATES, Appellee,**

v.

**Specialist Four (E–4) James W. TER-RELL, SSN 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, United States Army, Appellant.**

**SPCM 13643.**

U. S. Army Court of Military Review.

13 March 1979.

Captain Robert L. Gallaway, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Captain Larry C. Schafer, JAGC.

Captain Paul W. Jacobson, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, and Major David McNeill, Jr., JAGC.

Before FULTON, TALIAFERRO and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

In a trial by special court-martial military judge alone, appellant was convicted, in accordance with his pleas, of four specifications of absence without proper authority and one specification of escape from lawful custody. Pursuant to the terms of a pretrial agreement, the convening authority suspended that part of the sentence in excess of a bad-conduct discharge, sixty days' confinement, forfeiture of $200.00 per month for two months and reduction to pay grade of E–1. Of four assigned errors, one merits discussion.

Appellant contends the guilty plea was improvident and the pretrial agreement was void because the convening authority delegated to the trial counsel the power to negotiate terms of the agreement. The agreement, by its terms, released the convening authority from his part of the agreement if appellant failed ". . . to enter into a written stipulation of facts as to the circumstances of the offense(s) if he [the trial counsel] deems such a stipulation to be necessary. . . ." Contrary to appellant's contention, we do not find, in the quoted language, any delegation of authority to negotiate terms or conditions of the agreement. The agreement, complete in its terms and conditions upon signature by appellant and the convening authority, was contingent upon the making of a stipulation. Thus, the requirement of a stipulation was a term or condition of the agreement, and was a legitimate concern of the convening authority, but the decision as to the actual need for the stipulation, and as to the evaluation of the contents thereof, was properly left to the trial counsel.

The findings of guilty and the sentence are affirmed.

FULTON, Senior Judge, concurring in the result:

I concur in the result. An agreement by the accused to stipulate with the trial counsel presumably has been a feature of most plea bargains since 1963 if not earlier.[1] Aside from including the stipulation as part of the offer to plead guilty, which has been suggested,[2] the only other alternative (besides not stipulating at all) is for the convening authority personally to become a party to each stipulation.

The failure of the parties to agree on the content of a promised stipulation necessarily would invalidate the plea agreement whether there was an express provision to that effect, as in this case, or not. When the trial counsel is the other party, this always can give rise to the contention that he has been delegated a degree of control over the vitality of the plea bargain.

1. See, e. g., U.S. Dept. of Army Pamphlet 27–5, Staff Judge Advocate Handbook (1963) 141–42.

2. See Bethany, The Guilty Plea Program (1959) (unpublished thesis, The Judge Advocate General's School) 32–34, 96–97. Cf. Hunter, A New Pretrial Agreement, in U.S. Dept. of Army Pamphlet 27–50–10, The Army Lawyer (October 1973) 24–25.

There is no final delegation, however, for, as to any disagreement, the final decision (subject to possible appellate review) is that of the convening authority. Whether the condition that the content of the stipulation be suitable to the trial counsel is express or merely implied, any *unresolved* disagreement may (and should) be referred to the convening authority. In this case, there was no unresolved disagreement. I join in affirming the findings and sentence.