UNITED STATES, Appellee,

v.

Private (E1) Larry SMITH, SSN 577–80–2330, United States Army, Appellant.

CM 438536.

U. S. Army Court of Military Review.

25 March 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Captain Kevin E. O'Brien, JAGC, and Captain Alan W. Schon, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major David McNeill, Jr., JAGC, Captain Harry J. Gruchala, JAGC, and Captain Rolland S. Roup, JAGC, were on the pleadings for appellee.

Before JONES, CLAUSE and LEWIS, Appellate Military Judges.

### OPINION OF THE COURT

JONES, Senior Judge:

We are concerned in this case with the effect of including in the stipulation of fact required by a pretrial agreement information that appellant had been punished four times pursuant to Article 15, Uniform Code of Military Justice and had also received a letter of reprimand. The appellant contends that his guilty plea was improvident because these facts amounted to a provision which was contrary to public policy, *viz.* a waiver of his right to contest the admissibility of the Article 15 punishments. For the reasons stated below we disagree and we affirm.

The appellant was charged with robbery, possessing marihuana, and violating a regulation by possessing drug paraphernalia in violation of Articles 122, 134, and 92, UCMJ, 10 U.S.C. §§ 922, 934, and 892. He offered to plead guilty to the robbery and drug paraphernalia charges if the conven-

ing authority would dismiss the marihuana charge and limit the punishment to a dishonorable discharge, confinement at hard labor for two years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority agreed.

■ The pretrial agreement was not in writing because the appellant submitted his offer to plead guilty just before trial. The staff judge advocate made a memorandum for record of the terms of the agreement and the memo was admitted in evidence at the trial.[1]

During the course of the guilty plea inquiry, the prosecution offered and the military judge accepted into evidence a stipulation of fact. The appellant and counsel agreed that a stipulation was required by the pretrial agreement even though that condition was not included in the staff judge advocate's memorandum. The military judge reviewed the stipulation with the appellant paragraph by paragraph. He questioned appellant about the truthfulness and accuracy of the information in the stipulation, information that was to be considered by the court members as aggravation.

The appellant now contends that including in the stipulation the fact that he was punished under Article 15 amounted to a waiver of his right to "an independent hearing on the admissibility of records of nonjudicial punishment." He contends this was a condition of the pretrial agreement and therefore void as against public policy, citing *United States v. Elmore*, 1 M.J. 262 (C.M.A.1976); *United States v. Holland*, 1 M.J. 58 (C.M.A.1975); *United States v. Troglin*, 21 U.S.C.M.A. 183, 44 C.M.R. 237 (1972); and *United States v. Cummings*, 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968).

■ We disagree with appellant for two reasons. First, there is no showing in the record that divulging the existence of the nonjudicial punishments was a government imposed condition precedent to a pretrial agreement. Absent such a showing we will not read bad faith into the stipulation.[2]

■ Second, we find nothing in *Booker* or *Matthews*[3] that would preclude an accused from entering into a stipulation of fact or expected testimony concerning the existence of nonjudicial punishment. If an accused can waive such constitutional issues as speedy trial[4] and search and seizure,[5] we believe he can also waive the independent inquiry into the admissibility of records of Article 15 punishments.

The findings of guilty and the sentence are affirmed.

Judge CLAUSE and Judge LEWIS concur.

---

1. Although it is better practice to have the pretrial agreement in writing where the terms can be read and considered by the military judge, *United States v. Stevens*, 2 M.J. 488 (A.C.M.R.1975), there are occasions, as here, where an oral agreement will suffice.

2. Although this case does not require us to reach the issue of whether an accused can be required to forego his right to challenge the admissibility of evidence as a condition of his pretrial agreement, we believe the practice of stipulating to Article 15 punishments in conjunction with the pretrial agreement to be so questionable as to require a word of caution.

A pretrial agreement may not contain conditions which limit the appellant's right to contest collateral issues that affect the fairness of the trial. *United States v. Holland, supra.* This rule encompasses conditions affecting the post-findings proceedings as well as prefindings matters. Further, a clause *requiring* the appellant to waive his right to challenge evidence offered in aggravation under paragraph 75d, Manual for Courts-Martial, United States, 1969 (Revised edition), is just as offensive as a clause requiring him to waive his right to present extenuating evidence. *United States v. Callahan*, 22 C.M.R. 443 (A.B.R.1956). Such a clause could be explicit in the agreement itself, or implicit by way of a factual statement in the mandatory stipulation.

3. *United States v. Booker*, 5 M.J. 238 (C.M.A. 1977). *United States v. Mathews*, 6 M.J. 357, 359 (C.M.A.1979).

4. *United States v. Sloan*, 22 U.S.C.M.A. 587, 48 C.M.R. 211 (1974).

5. *United States v. Dusenberry*, 23 U.S.C.M.A. 287, 49 C.M.R. 536 (1975).