**UNITED STATES, Appellee,**

v.

**Specialist Four Norwood SHARPER III, SSN 375–74–6840, United States Army, Appellant.**

**CM 443580.**

U.S. Army Court of Military Review.

16 Jan. 1984.

** Judge HANFT took final action on this case prior to his retirement from active service.

Colonel William G. Eckhardt, JAGC, Captain Bernard P. Ingold, JAGC, and Captain Guy J. Ferrante, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Patrick M. Flachs, JAGC, and Captain Robert L. Swann, JAGC, were on the pleadings for appellee.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

MOUNTS, Senior Judge:

Appellant was convicted in accordance with his pleas of violating a lawful general regulation by wrongfully possessing drug paraphernalia, and wrongfully possessing .44 grams of heroin, one gram of hashish, and five grams of marijuana, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934. He was sentenced to a dishonorable discharge, confinement at hard labor for thirty months, total forfeitures and reduction to Private E–1. The convening authority approved the sentence.

The issue presented by this case is a narrow one: does the Government have the right to demand, as part of a pretrial agreement, that an accused stipulate to the aggravating circumstances surrounding the offenses to which he pleads guilty? We hold it does.

### I

Before trial, the appellant agreed to plead guilty to the charged offenses and "enter into a written stipulation of facts regarding [the] offenses...." A stipulation of fact prepared by the trial counsel stated that when the appellant was apprehended, he possessed .84 grams of hashish; 4.83 grams of marijuana; two lockblade knives and a pocket knife, all with marijuana residue on them; twenty-two packets containing 1.342 grams of heroin; $284.00; and DM 680.00. The stipulation also noted that the appellant intended to distribute the packets of heroin.

Before entering the appellant's pleas, the trial defense counsel, while not contesting the accuracy of the stipulation, objected to its "serious allegations of uncharged misconduct" and asserted that the Government had drafted the stipulation in bad faith. The defense moved the military judge to strike the requirement for a stipulation of fact or order the Government to delete the offensive portions of it. The trial counsel denied the allegations of bad faith and stated the appellant would void the pretrial agreement if he did not agree to the stipulation.

The military judge denied the defense motions holding he did not have the authority to intervene in the pretrial negotiations between the appellant and the convening authority. Thereafter, the appellant entered pleas of guilty and agreed to the stipulation of fact as originally written. During the inquiry regarding his pleas, the appellant denied he had been forced to enter into the stipulation, agreed its contents were true, and stated there was no part of it which he disagreed with or wanted to change. The appellant now contends that the military judge "erred by refusing to waive the necessity of a stipulation of fact because of the bad faith conduct of the prosecution."

### II

 While a military judge may not have the authority to directly intervene in the pretrial negotiations between an accused and a convening authority, *United States v. Caruth,* 6 M.J. 184, 186 (C.M.A. 1979), he does have the responsibility "to police the terms of pretrial agreements to insure compliance with statutory and decisional law as well as adherence to basic notions of fundamental fairness." *United States v. Partin,* 7 M.J. 409, 412 (C.M.A. 1979) (citation omitted). *United States v. Kazena,* 11 M.J. 28, 31 (C.M.A.1981); *United States v. Elliott,* 10 M.J. 740 (N.C.M.R. 1981); *United States v. Stevens,* 2 M.J. 488 (A.C.M.R.1975). In consonance with this duty, the military judge also has the power to modify by judicial order a pretrial agreement. *United States v. Partin, supra; United States v. Lanzer,* 3 M.J. 60, 62 (C.M. A.1977); *United States v. Kelley,* 6 M.J. 532 (A.C.M.R.1978), *pet. denied,* 6 M.J. 294 (C.M. A.1979). However, even though the military judge incorrectly characterized the extent of his authority, we find no prejudice as we hold that the contested provision of the pretrial agreement is valid.

### III

 A pretrial agreement may not deprive an accused of a "fair hearing, even if

the hearing is limited by the plea to matters other than guilt or innocence." *United States v. Holland,* 1 M.J. 58, 59 (C.M.A. 1975). *See United States v. Dawson,* 10 M.J. 142, 145 (C.M.A.1981). For example, terms of an agreement which inhibit an accused from exercising his appellate rights, *United States v. Mills,* 12 M.J. 1 (C.M.A.1981); preclude an accused from presenting at trial motions on matters other than jurisdiction before entering pleas of guilty, *United States v. Brundidge,* 1 M.J. 152 (C.M.A.1975); *United States v. Morales,* 12 M.J. 888 (A.C.M.R.1982); *Brooks v. United States,* 2 M.J. 1257 (A.C.M.R.1976); *United States v. Elkinton,* 49 C.M.R. 251 (A.C.M.R.1974); or force an accused to waive his right to civilian and individual military counsel, *United States v. Marsters,* 49 C.M.R. 495 (C.G.C.M.R.1974), are unenforceable. On the other hand, an accused may legitimately bargain away certain rights to conserve time, money and effort. *See, e.g., United States v. Schaffer,* 12 M.J. 425 (C.M.A.1982); *United States v. Miller,* 12 M.J. 836, 840–41 (A.C.M.R.1982) (accused may waive an Article 32[1] investigation); *United States v. Schmeltz,* 1 M.J. 8 (C.M.A. 1975); *United States v. Martin,* 4 M.J. 852, 858 (A.C.M.R.1978) (accused may give up his right to be sentenced by members); *United States v. Rodriquez,* 12 M.J. 632 (N.M.C.M.R.1981) (pretrial agreement requiring accused to enter into reasonable stipulation of expected testimony of Government witnesses not prejudicial); *United States v. West,* 13 M.J. 800 (A.C.M. R.1982); *United States v. Krautheim,* 10 M.J. 763 (N.C.M.R.1981); *United States v. Hanna,* 4 M.J. 938, 940 (N.C.M.R.), *pet. denied,* 5 M.J. 252 (C.M.A.1978) (provision which waived personal appearance of defense character witness did not violate public policy).

■ In the cases cited above in which the accused successfully gave up a right other than one immediately attendant to a plea of not guilty, the accused not only initiated the plea bargaining process but proposed the waiver. However, we do not believe that the identity of the party proposing an element of a pretrial agreement is determinative of its enforceability. Nor do we believe that pretrial negotiations necessarily should be "limited to bargaining for charges, sentence and pleas." *United States v. Dawson,* 10 M.J. at 149 (citations omitted). As Chief Judge Everett recently observed, "As long as the trial and appellate processes are not rendered ineffective and their integrity is maintained, some flexibility and imagination in the plea-bargaining process have been allowed by our Court." *United States v. Mitchell,* 15 M.J. 238, 241 (C.M.A.1983) (Everett, C.J., concurring) (citations omitted). *See generally Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *United States v. Schaffer,* 12 M.J. at 427–28.

■ In the case *sub judice,* we find no evidence which indicates the Government acted in bad faith nor has the integrity of the trial or the appellate process been disturbed. The appellant initiated the pretrial negotiations. It is inconsequential that the record does not reveal who proposed that the appellant be required to enter into a stipulation of fact. We have long sanctioned pretrial agreements which compel an accused to stipulate with the trial counsel to the factual basis of the offenses to which he pleads guilty. *United States v. Terrell,* 7 M.J. 511, 513 (A.C.M.R.1979) (Fulton, S.J., concurring). Such a stipulation, by its very nature, recounts the circumstances surrounding the commission of the offenses and is often, and properly, considered by the trial court not only during the *Care*[2] inquiry but on sentencing. The stipulation before us is no different. Contrary to the appellant's initial objection at the trial, the facts stipulated to are the sort which the sentencing authority may properly consider in aggravation. Manual for Courts-Martial, United States, 1969 (Revised edition) (Change 5, effective 1 August 1981), paragraph 75*b*(4). *See, e.g., United States v.*

---

1. Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832.

2. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

*Penn,* 4 M.J. 879, 885–86 (N.C.M.R.), *pet. denied,* 5 M.J. 259 (C.M.A.1978) (testimony that accused charged with possession of marijuana was caught putting small portions into "baggies" was admissible in aggravation to establish his intent to sell the drug). *See also United States v. Thomas,* 11 M.J. 388, 392–93 (C.M.A.1981); *United States v. Reese,* 561 F.2d 894 (D.C.Cir.1977); *United States v. Ramirez-Rodriquez,* 552 F.2d 883 (9th Cir.1977). Moreover, the accuracy of the stipulation was insured by the military judge and the appellant's thorough examination of its contents.

■ The appellant asserts, however, that even if the stipulation is accurate and the Government has not acted in bad faith, the pretrial agreement violates public policy because it effectively requires him to waive his right to object to evidence offered in aggravation by compelling him to admit the existence of facts which that evidence would have been offered to prove. In *United States v. Smith,* 9 M.J. 537 (A.C.M.R.), *pet. denied,* 9 M.J. 186 (C.M.A.1980), this Court said, as *obiter dictum,* that a provision of a pretrial agreement requiring an "appellant to waive his right to challenge evidence offered in aggravation is just as offensive as a clause requiring him to waive his right to present extenuating evidence." *Id.* at 538 n. 2 (citations omitted). However, *Smith* is not apposite. The appellant did not waive his right to contest the admissibility of objectionable evidence. Rather, he did nothing more than concede the truth of the immediate circumstances of the criminal acts he admitted committing, facts which the Government could have established irrespective of his plea. *See United States v. Vickers,* 13 M.J. 403 (C.M.A.1982). Regardless, to the extent, if at all, that *Smith* conflicts with our holding today, we decline to follow it.

Although we can find no military case directly on point, we hold that the Government may require an accused, pursuant to a pretrial agreement, to stipulate to the "aggravating circumstances relating to the offenses of which [he] has been found guilty...." Manual for Courts-Martial, *supra,* paragraph 75*b*(4). However, a caveat: we do not hold that an accused may be compelled to stipulate to any other facts in aggravation, such as the existence of personnel records which adversely reflect on his character or military service, or facts the Government would attempt to prove in rebuttal to evidence presented by an accused in extenuation or mitigation. While these issues have not been raised by this case, we have serious doubts about the propriety of such a provision.

■ We believe the pretrial agreement in this case promotes, rather than violates, public policy. First of all, the stipulation, like a guilty plea, may be considered as a significant step by an accused towards rehabilitation. *See United States v. Clevenger,* 42 C.M.R. 895 (A.C.M.R.1970). Secondly, it will save time, money and effort. Finally, and most importantly, a comprehensive stipulation of fact promotes a fair and just trial by ensuring that the sentencing authority will consider not just the bare conviction of the accused, but those facts "directly related to the offense for which an accused is to be sentenced so that the circumstances surrounding that offense or its repercussions may be understood...." *United States v. Vickers,* 13 M.J. at 406. Accordingly, we find the assignment of error without merit.

The remaining assignment of error is also meritless.

The findings of guilty and the sentence are affirmed.

Judge YAWN and Judge WERNER concur.