UNITED STATES, Appellee,

v.

Private E-1 Christopher S. SULLIVAN, 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, United States Army, Appellant.

ACMR 8701260.

U.S. Army Court of Military Review.

16 Nov. 1987.

For Appellant: Major Russell S. Estey, JAGC, Major Dale K. Marvin, JAGC, Captain James E. O'Hare, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before COKER, KENNETT and ROBBLEE Appellate Military Judges.

5. In reassessing the sentence we have applied the principles announced in *United States v.* *Sales*, 22 M.J. 305 (C.M.A.1986).

## OPINION OF THE COURT

COKER, Senior Judge:

In accordance with his pleas appellant was convicted of two unauthorized absences, disobedience of an officer, seven incidents of stealing, forgery of a check, and stealing mail. He now alleges that his plea to Charge V, stealing mail in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ], was improvident, in that the envelope he stole was not in the mail and therefore was not mail matter at the time of theft. The court finds that the plea to Charge V was provident.

A United States Treasury check had been mailed to a service member by the command finance office. The envelope was returned to the finance office as undeliverable. Once a check is returned to the office, it is sent to the disbursing section for further appropriate processing. Appellant was the mail courier for the finance office, and was responsible for returning the check to the disbursing section's distribution box. He took the envelope containing the check out of the distribution box and converted the check to his own use.

■ We conclude that appellant was part of the military postal system. There is no question[1] that while in that service, appellant wrongfully stole the envelope, to the prejudice of good order and discipline in the armed forces. It remains for us to determine if the matter (envelope) was stolen before it was delivered to or received by the addressee. Manual for Courts–Martial, United States, 1984 [hereinafter M.C.M., 1984] Part IV, para. 93b(2)(c). The purpose of this offense is not only to protect individual mail but also to protect the mail system. Ordinarily we view the mail system as "outgoing," that is, from the sender to the addressee. It also includes the reverse, particularly for first class mail, that is, the "return" of the mail to the sender.[2] Obviously, if a piece of mail cannot be delivered to the addressee, and is returned to the sender by the postal system, the piece of mail has not left the postal system. On return, the sender becomes the addressee and the piece of mail must then be delivered to or received by the sender. Only at that time does the piece of mail cease to be "mail matter." As the mail clerk or courier, appellant was not the "addressee" and had no authority to "receive" the piece of mail. *United States v. Rayfield*, 30 C.M.R. 307 (C.M.A.1961). His duties were those of a clerk in distributing the mail to appropriate personnel of the addressee and included no authority to act as the agent for receipt of mail. *United States v. Manausa*, 30 C.M.R. 37 (C.M.A.1960).

■ Delivery of the mail matter to the distribution box was not delivery to the addressee. Similarly, the placement of mail in a mailbox is not delivery to the addressee. In the case before the court, there could be no "delivery" or "receipt" until an appropriate agent of the disbursing section of the finance office took the piece of mail from the distribution box or the piece of mail was delivered to the disbursing section. As neither alternative occurred, the piece of mail was still in the postal system and appellant's wrongful act occurred before the mail matter was delivered to or received by the addressee.

The remaining assignment of error is without merit.

The findings of guilty and the sentence are affirmed.

Judge KENNETT and Judge ROBBLEE concur.

---

1. These elements of the offense are not contested by appellant.

2. *See* Domestic Mail Manual, Issue 24 (20 September 1987), para. 159.