**UNITED STATES, Appellee,**

**v.**

**Private E1 Kenneth J. DeYOUNG, 552–65–3305, United States Army, Appellant.**

**ACMR 8800631.**

U.S. Army Court of Military Review.

18 Oct. 1988.

---

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, First Lieutenant Pamela J. Dominisse, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Major Gary L. Hausken, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before DeFORD, KANE and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

The appellant, pursuant to a pretrial agreement, entered pleas of guilty and was subsequently convicted by a military judge sitting as a general court-martial of absence without leave, failure to repair to a formation, use of marijuana, larceny of government property, misappropriation of personal property, and making and uttering thirteen false and bogus checks in violation of Articles 86, 112a, 121 and 123a, Uniform Code of Military Justice, 10 U.S.C. 886, 912a, 921 and 923a (1982) [hereinafter UCMJ]. His approved sentence included a bad-conduct discharge and confinement for 16 months. Pursuant to the pretrial agreement, the convening authority approved the sentence but suspended that portion of the approved confinement that exceeded one year and one day for a period of twelve months with provision for automatic remission.

On appeal, appellant alleges that the presiding military judge committed error by refusing to rule on defense objections made to certain matters included within a stipulation of fact to which the parties had agreed and which was offered into evidence during the trial. Government appellate counsel concede that the military judge was in error in failing to rule on appellant's objections, but argue that his error was harmless as the objectionable information was relevant on sentencing.

The facts and evidence of record from which this issue arose are that the appellant offered a pretrial agreement to the convening authority under which he offered to plead guilty as indicated above in return for the convening authority's promise to suspend any approved confinement that was in excess of one year and one day for a period of one year from the date the convening authority took action on the case.

As a part and parcel of the pretrial agreement, appellant understood and accepted a condition precedent that his failure to agree with the trial counsel (prosecutor) on the contents of a stipulation of fact would automatically cancel the pretrial agreement.

Pursuant to the foregoing provision, appellant entered into a stipulation of fact

which among other matters, included the following information:

A quick glance at the accused's service record prior to the acts giving rise to this court-martial shows the following:

December 1984—drunk and disorderly, disrespect to charge of quarters

March 1986—drunk driving

April 1986—positive urinalysis for marijuana

April 1987—black marketing $3,269.00 worth of duty-free/tax-free goods and possession of a false letter of authorization purchase record

August, 1987—AWOL, missing movement, FTR

This stipulation of fact, signed by the appellant and his counsel, provided that the foregoing information was true, susceptible of proof, and *admissible* without objection.

At trial and during the military judge's inquiry into the providence of appellant's pleas of guilty, the military judge explained each provision and condition of the pretrial agreement and confirmed that the appellant understood these matters and agreed to them. The prosecutor offered into evidence the agreed stipulation of fact and defense counsel moved the court at that point to rule on two areas of objection contained in the stipulation of facts. Those objections included the five items enumerated above as well as a statement contained in the stipulation concerning the appellant's failure to repair to the unit's "first call formation on 12 and 14 January 1988." The court was advised that the defense counsel considered these matters as uncharged misconduct.

Defense counsel advised the court that he believed that the inclusion of the enumerated incidents of uncharged misconduct was an attempt to have the appellant punished for that conduct and that appellant should not be "forced" to stipulate to matters that were not admissible in aggravation in order to retain the benefit of his pretrial agreement with the convening authority. Finally, he argued that the provi-

sion of the pretrial agreement providing for a stipulation of fact was not intended to include collateral evidence of uncharged misconduct and that, as a consequence, his objection to the uncharged misconduct contained in the stipulation was not a violation of the condition of the pretrial agreement.

The military judge refused to rule on the motion and advised counsel and the appellant as to the effect of a stipulation of fact and that appellant did not have to agree to the stipulation unless they desired to do so, and if they agreed to the document the matters included would be considered as fact and admissible in evidence. Trial defense counsel again requested a ruling on his motion which the judge declined to make. Finally, trial defense counsel stated that they had stipulated to all except the matters objected to whereupon the trial judge refused to admit the stipulation. The trial judge called a recess and requested that the parties discuss the matter. Upon reopening the court-martial, trial defense counsel and the appellant accepted the stipulation of fact without exception. The military judge then *sua sponte* ruled that the matters to which trial defense counsel objected were relevant to the appellant's rehabilitative potential and that its probative value was not outweighed by undue prejudicial effect.[1]

Uncharged misconduct is a matter which historically has not been admissible in trials by court-martial because of its tendency to paint the accused as a "bad man" and to arouse undue prejudice in the court against an accused as well as cloud or pervert the issues to which a court-martial must direct its attention whether on findings or on sentence. *See United States v. Gambini*, 13 M.J. 423 (C.M.A.1982). However, as that court noted, uncharged misconduct may nevertheless be admissible where it has "a substantial value to prove some fact in the case other than one to be inferred from the accused's disposition." *Id.* at 427.

Conflicts between prosecutors and trial defense counsel over the contents of stipulations of fact arising from pretrial agreements have provided a fertile field of litiga-

---

**1.** *See* Mil.R.Evid. 403 and 404.

tion in the appellate arena for many years. *See, e.g., United States v. Glazier,* 24 M.J. 550 (A.C.M.R.1987), *affirmed,* 26 M.J. 268 (C.M.A.1988); *United States v. Taylor,* 21 M.J. 1016 (A.C.M.R.1986) (overruled in part by *United States v. Glazier,* 26 M.J. 268 (C.M.A.1988)); *United States v. Sharper,* 17 M.J. 803 (A.C.M.R.1984); *United States v. Keith,* 17 M.J. 1078 (A.F.C.M.R.1984), *certificate for review dismissed,* 21 M.J. 407 (C.M.A.) (summary disposition), *petition denied,* 23 M.J. 238 (C.M.A.1986); *United States v. Vickers,* 13 M.J. 403 (C.M.A.1982); *United States v. Smith,* 9 M.J. 537 (A.C.M.R.), *petition denied,* 9 M.J. 186 (C.M.A.1980); *United States v. Thomas,* 6 M.J. 573 (A.C.M.R.1978), *affirmed,* 8 M.J. 216 (C.M.A.1980) (summary disposition); *United States v. Bertelson,* 3 M.J. 314 (C.M.A.1977); *United States v. Allen,* 21 C.M.R. 609 (C.G.B.R.1956).

 Rule for Courts–Martial 811(a) authorizes the parties to make an oral or written stipulation to any fact. However, the military judge may, in the interest of justice, refuse to accept a stipulation. R.C. M. 811(b). The agreement to stipulate to facts is normally viewed as an agreement to the form of the evidence; it relieves the opposing side from being required to prove by legal and competent evidence the matters contained in the stipulation. An accused and his counsel may enter into a stipulation of fact which contains evidence which would otherwise be inadmissible or otherwise agree that evidence may be introduced without a preliminary showing that the evidence in question is legally admissible. *See United States v. Frederick,* 3 M.J. 230, 233 (C.M.A.1977); *United States v. Bertelson,* 3 M.J. at 316; *United States v. Grostefon,* 37 C.M.R. 414 (C.M.A. 1967). Furthermore, an accused may purposely consent to the introduction of evidence that would otherwise necessarily be excluded even if that evidence constituted a violation of a fundamental constitutional right. *United States v. Grostefon, supra.* Any agreement of counsel regarding the admission of evidence is, however, subject to the approval of the presiding military judge who must determine whether the probative value of the proffered evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, has a tendency to mislead the members, is cumulative, would require undue delay, be a waste of time, or otherwise deprive the accused of a fair trial. Mil.R.Evid. 403. *United States v. Graves,* 1 M.J. 50 (C.M.A. 1976); *United States v. Sharper,* 17 M.J. at 805. Where the stipulation of fact is a product of a pretrial agreement, the same rules are applicable.

Military courts have long sanctioned confessional stipulations when an accused knowingly, intelligently, and voluntarily consents to its admission. *United States v. Bertelson,* 3 M.J. at 315. Such confessional stipulations have also been approved with regard to offenses to which an accused enters a plea of guilty pursuant to a pretrial agreement. *See United States v. Terrell,* 7 M.J. 511, 513 (A.C.M.R.1979) (Fulton, Sr. J., concurring). *See also* R.C. M. 705(c)(2)(A). Although Rule for Courts–Martial 1001 provides a general outline with regard to evidence that is admissible on sentencing, its requirements are intended to greatly expand the types of information that could be presented to a court-martial. It has been held that the drafters of the Manual for Courts–Martial intended to permit the presentation of much of the same information as would be contained in a presentence report; however, it does so within the protections of an adversarial proceeding applying the rules of evidence although they may be relaxed for some purposes. *See United States v. Harrod,* 20 M.J. 777, 780 (A.C.M.R.1985) (citing *United States v. Gambini,* 13 M.J. 423 (C.M.A.1982), and *United States v. Vickers,* 13 M.J. 403 (C.M.A.1982)).

Prior decisions by the appellate courts have clouded the proper role the military judge should have in resolving problems with stipulations of fact similar to the one in the case at bar. In *United States v. Green,* 1 M.J. 453 (C.M.A.1976), the United States Court of Military Appeals enlarged the inquiry required under *United States v. Care,* 40 C.M.R. 247 (C.M.A.1969), to include "the meaning and effect of *each* condition as well as the sentence limitation

imposed by any existing pretrial agreement." *United States v. Green*, 1 M.J. at 456. The court in *Green* quoted with approval language from a concurring opinion in *United States v. Elmore:*

> The trial judge must shoulder the primary responsibility for assuring on the record that an accused understands the meaning an effect of each condition as well as the sentence limitation imposed by any existing pretrial agreement. Where the plea bargain encompasses conditions which the trial judge believes violate appellate case law, public policy or the trial judges own notion of fundamental fairness, he should, on his own motion, *strike such provisions from the agreement with the consent of the parties.*

*United States v. Green*, 1 M.J. at 456 (quoting *United States v. Elmore*, 1 M.J. 262, 264 (C.M.A.1976) (Fletcher, J., concurring)) (emphasis added). Although the foregoing quote dealt essentially with pretrial agreements generally, one line of subsequent decisions dealing with alleged inadmissible matter contained in stipulations of fact cautions counsel to agree to such stipulations in order to gain the benefit of the pretrial agreements but advise them to move to strike the alleged inadmissible matter before the court-martial. *See United States v. Glazier*, 26 M.J. at 269; *United States v. Sharper*, 17 M.J. at 805; *United States v. Keith*, 17 M.J. at 1079; *United States v. Smith*, 9 M.J. at 538 n. 2. By affirming the military judge's refusal to litigate a motion directed against stipulated matters, a second line of cases places the responsibility for policing the stipulation of fact on the accused and his counsel. *See*

*United States v. Mullens*, 24 M.J. 745 (A.C. M.R.1987), *petition granted*, 26 M.J. 164 (C.M.A.1988); *United States v. Taylor, supra; United States v. Rasberry*, 21 M.J. 656 (A.C.M.R.1985). *See also United States v. Thomas*, 6 M.J. 573 (A.C.M.R. 1978).

In *United States v. Glazier*, the United States Court of Military Appeals reviewed a ruling by a military judge which denied a motion to strike uncharged misconduct contained in a stipulation of fact which did not address admissibility but which had been agreed upon by the parties. In affirming this court's decision, our senior appellate court stated that the matters contained in a stipulation of fact are generally subject to the Military Rules of Evidence. *United States v. Glazier*, 26 M.J. at 270. However, that court further noted that:

> Subject to the limitations which might be imposed by a military judge in the "interest of justice," R.C.M. 811(b), we see no reason why evidence even though otherwise inadmissible under the Military Rules of Evidence cannot come into the trial by way of a stipulation. *See United States v. Kinman*, 25 M.J. 99, 100 n. 2 (C.M.A.1987). This is particularly true in a negotiated guilty plea where the accused is willing to stipulate to otherwise inadmissible testimony in return for a concession favorable to him from the government, *assuming no overreaching by the government.*

*United States v. Glazier*, 26 M.J. at 270 (emphasis added).[2] The court further noted that a military judge could act upon objections to matters in the stipulation. *Id.*

---

**2.** We note that prosecutors generally are charged with the ethical responsibility of seeking justice not just a conviction. *See* American Bar Association Standards Relating to the Administration of Criminal Justice 1.1(c) [hereinafter cited as ABA Standards]. Furthermore, it is considered unprofessional conduct "for a lawyer knowingly and for the purpose of bringing inadmissible matter to the attention of the judge or jury or to offer inadmissible evidence ..." ABA Standard 7.5(b). In the same vein, Department of the Army Pamphlet 27–26, December 1987, Rules for Professional Conduct of Lawyers, Rule 3.4(e) provides in part that "a lawyer

shall not in trial allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence." Consequently, any prosecutor who, as a consequence of youthful exuberance, prosecutorial zeal, or otherwise, demands and receives the inclusion of clearly inadmissible matter in stipulations of fact drawn as a consequence of a proposed pretrial agreement faces the possibility of being charged with unethical conduct if he overreaches and forces inadmissible matter to be brought before the court-martial.

**600**

 With the foregoing rules and authorities in mind we turn to the facts enumerated above concerning the allegations of uncharged misconduct contained in the stipulation of fact and the trial judge's action thereon. Clearly the trial judge erred in refusing to rule upon trial defense counsel's objections. *United States v. Glazier*, 26 M.J. at 270. However, the appellant has suffered no prejudice from this error.

Here, seven items of alleged uncharged misconduct as enumerated above—including eleven individual incidents spanning a period from December 1984 to January 1988—were included in the stipulation of fact. The appellant's agreement to the stipulation removed any question concerning the truth of the matters or their admissibility; dealt with either direct or inferential violations of military law. All were clearly admissible depending, of course, upon the form of documentary proof chosen by counsel to be used to gain admission into evidence. The obvious basis for such admissions would have been as evidence of character of prior service to include past conduct and performance. R.C.M. 1001(b)(2). However, appellant's stipulation of admissibility and the military judge's application of the Mil.R.Evid. 403 balancing test and his ultimate acceptance removed any question with regard to admissibility of those matters.

Finally, we view the circumstances of this case as showing no prosecutorial overreaching concerning the matters which were required to be included in the stipulation of fact as they were all essentially evidence of character of prior service to include past conduct and performance as we have noted. Defense counsel may have been able to preclude their admission depending upon the government's ability to comply with the requirements of the Military Rules of Evidence which were applicable here. However, we need not speculate as that issue is not before us here. On occasion, trial defense counsel must make some hard choices in advising his client whether to offer a pretrial agreement providing for a stipulation of fact and whether to agree to a resulting stipulation of fact which contains adverse matters affecting his client. Although the trial judge erred in refusing to consider those matters, his error did not result in any prejudice to this appellant. *See United States v. Glazier, supra.*

The findings of guilty and the sentence are affirmed.

Judge KANE and Judge WERNER concur.