**UNITED STATES, Appellee,**

v.

**Sergeant James H. SMITH, 245–02–2283, United States Army, Appellant.**

**ACMR 8701307.**

U.S. Army Court of Military Review.

26 Jan. 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Kathleen A. VanderBoom, JAGC, Captain Gregory B. Upton, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Eva M. Novak, JAGC (on brief).

Before DeFORD, KENNETT, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

Pursuant to his pleas, the appellant was convicted of violating a lawful general regulation, United States Forces Korea Regulation 60–1, 25 February 1985 [hereinafter USFK Reg. 60–1], by wrongfully purchasing goods for illegal transfer, violating a lawful general regulation, USFK Reg. 60–1, by purchasing goods in excess of ration limitations, violating a lawful general regulation, United States Forces Korea Regulation 27–5, 20 May 1986 [hereinafter USFK Reg. 27–5], by wrongfully transferring goods to persons not authorized tax-free privileges, violating a lawful general regulation, USFK Reg. 27–5 by failing to disclose the lawful disposition of controlled items (two specifications), forgery, uttering a check with the intent to defraud, and larceny of mail matter, violations of Articles 92, 123, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 892, 923 and 934 (1982) [hereinafter UCMJ]. His approved sentence includes a dishonorable discharge, confinement for twenty-five months, forfeiture of all pay and allowances, and reduction to the grade of Private E1.

On appeal, the appellant contends that his plea of guilty to the offense of larceny of mail matter is improvident, that the military judge erred in failing to find the specification alleging the purchase of goods for illegal transfer multiplicious for purposes of findings with the specification alleging the wrongful transfer of goods, that the military judge erred in failing to find the specification alleging forgery multiplicious for purposes of findings with the specification alleging the utterance of a check with the intent to defraud, that the military judge erred in failing to find the two specifications alleging the wrongful failure to disclose a lawful disposition of controlled items multiplicious for purposes of findings, and that the disclosure requirement of USFK Reg. 27–5 violates the constitutional and legislative prohibitions against compelled self-incrimination.

## I

■ In order to establish the providence of a plea of guilty, the providence inquiry must elicit sufficient facts from the accused to objectively support the plea. *United States v. Foster*, 14 M.J. 246, 247 (C.M.A.1982). Consequently, in order to find the appellant's plea of guilty to the offense of larceny of mail matter provident, this court must find that the appellant's statements establish that the subject of the larceny was in fact "mail matter." Manual for Courts–Martial, United States, 1984 [hereinafter M.C.M.], Part IV, paragraph 93b(2)(a). "Mail matter" is defined as "any matter deposited in a postal system ... or in official mail channels." M.C.M., paragraph 93c. The offense is intended to protect the mail and the mail system. M.C.M., paragraph 93c. Thus, the inquiry focuses not only on the nature of the *res* allegedly taken but upon its custody at the time of the taking. As stated in *United States v. Scioli*, the gravamen of the offense is the tampering with or taking of a written communication *while in an official channel for delivery of postal matters. United States v. Scioli*, 22 C.M.R. 292 (C.M.A.1957). *See also United States v. Belisle*, 30 C.M.R. 307 (A.B.R. 1968).

A stipulation of fact entered into by the accused as part of his pretrial agreement provides:

[The appellant] picked up the unit's mail and brought it to the squad for sorting and delivery to the members of his squad. [The appellant] was responsible for delivering the mail and distribution to the squad. [The appellant] took one piece of mail, a check addressed to Specialist Four Maurice L. Fuller, and withheld it, thereby preventing its delivery to the addressee, a subordinate member of his squad.

We recently addressed confessional stipulations with regard to pretrial agreements as here in *United States v. DeYoung*, 27 M.J. 595 (A.C.M.R.1988). There we said:

Rule for Courts–Martial 811(a) authorizes the parties to make an oral or written stipulation to any fact. However, the military judge may, in the interest of justice, refuse to accept a stipulation. R.C.M. 811(b). The agreement to stipulate to facts is normally viewed as an agreement to the form of the evidence; it relieves the opposing side from being required to prove by legal and competent evidence the matters contained in the stipulation. An accused and his counsel may enter into a stipulation of fact which contains evidence which would otherwise be inadmissible or otherwise agree that evidence may be introduced without a preliminary showing that the evidence in question is legally admissible. *See United States v. Frederick*, 3 M.J. 230, 233 (C.M.A.1977); *United States v. Bertelson*, 3 M.J. [314] at 316 [C.M.A.1977]; *United States v. Grostefon*, 37 C.M.R. 414 (C.M.A.1967). Furthermore, an accused may purposely consent to the introduction of evidence that would otherwise necessarily be excluded even if that evidence constituted a violation of a fundamental constitutional right. *United States v. Grostefon, supra*. Any agreement of counsel regarding the admission of evidence is, however, subject to the approval of the presiding military judge who must determine whether the probative value of the proffered evidence is

substantially outweighed by the danger of unfair prejudice, confusion of the issues, has a tendency to mislead the members, is cumulative, would require undue delay, be a waste of time, or otherwise deprive the accused of a fair trial. Mil. R.Evid. 403. *United States v. Graves*, 1 M.J. 50 (C.M.A.1976); *United States v. Sharper*, 17 M.J. [803] at 805 [A.C.M.R. 1984]. Where the stipulation of fact is a product of a pretrial agreement, the same rules are applicable.

Military courts have long sanctioned confessional stipulations when an accused knowingly, intelligently, and voluntarily consents to its admission. *United States v. Bertelson*, 3 M.J. at 315. Such confessional stipulations have also been approved with regard to offenses to which an accused enters a plea of guilty pursuant to a pretrial agreement. *See United States v. Terrell*, 7 M.J. 511, 513 (A.C.M.R.1979) (Fulton, Sr.J., concurring). *See also* R.C.M. 705(c)(2)(A).

*United States v. DeYoung*, 27 M.J. at 598.

During the providence inquiry, the following exchange occurred:

ACC: Sir, one day I went up in the orderly room to pick up distribution, which all they had in the box was magazines and paperwork that had to do with me, an allotment form. So, I brought the paperwork back to my room and I was sorting it out to give the magazines to the soldiers. The next day I went in there, I was looking at one of the magazines, reading it, when a check fell out on a black piece of paper. At this time I hold the check for a day and then after the problems I was having I took it down to Security Bank and deposited it.

Following the foregoing colloquy, the military judge questioned the appellant at length regarding his acquisition of the check and its appearance at the time and place of acquisition. The appellant appeared to be reluctant to admit that the check he removed from the mail was in fact "mail matter."[1] Nevertheless, under ques-

tioning by the military judge he admitted that he was aware that the check was in the mail. His admission conformed to his voluntary stipulation of fact entered during the providency inquiry. We view the appellant's reluctance to admit his delict as no more than his attempt to rationalize his own behavior. *See United States v. Pennister*, 25 M.J. 148, 153 (C.M.A.1987) (Cox, J., concurring).

■ The record establishes that both official mail as well as Army "distribution" was distributed to members of appellant's squad through a delivery box at the unit. We note that such a practice is not uncommon throughout the Army. Mail matter remaining in such a delivery box remains within mail channels and the postal system until receipt by its addressee. *United States v. Sullivan*, 25 M.J. 635 (A.C.M.R. 1987). Accordingly, we find appellant's plea of guilty provident.

II

In Specifications 1 and 3 of Charge I, the appellant was charged, respectively, with purchasing controlled items with intent to illegally transfer and with illegally transferring controlled items. To Specification 1, the appellant entered a plea of guilty, by exceptions and substitutions, to purchasing one 35mm camera and two 35mm camera lenses for illegal transfer. To Specification 3, the appellant entered a plea of guilty, by exceptions and substitutions, to illegally transferring the same 35mm camera and a camera lens which were included under Specification 1. The appellant stated during the providence inquiry that he had returned the other camera lens alleged in Specification 1 to the Post Exchange where he had purchased it.

■ The government, relying on *United States v. Jones*, 23 M.J. 301 (C.M.A.1987), and Manual for Courts–Martial, United States, 1984, Rules for Courts–Martial 905(e) and 907(b)(3), argues that the appellant has waived this issue by his failure to

---

**1.** Appellant describes the check which fell from the magazine as a printed check from Security Service Federal Credit Union, Fort Carson, Colo-

rado, stapled to a blank piece of paper and without an envelope.

move for appropriate relief or to move that the charge be made more specific. The government's reliance is misplaced. In *United States v. Holt*, the United States Court of Military Appeals held that, in those cases where the multiplicious nature of the offenses appears on the face of the specifications, multiplicity is plain error. *United States v. Holt*, 16 M.J. 393 (C.M.A. 1983). *See also United States v. Bishop*, 18 M.J. 14 (C.M.A.1984) (summary disposition).

██ In *United States v. Phillips*, 26 M.J. 963 (A.C.M.R.1988), this court ruled that specifications alleging purchase with intent to illegally transfer were multiplicious for findings with specifications alleging the illegal transfer of the same items. Therefore, to the extent that Specification 1 of Charge I alleges purchase with intent to illegally transfer the same 35mm camera and 35mm camera lens which are the subject of the specification alleging illegal transfer, these specifications are multiplicious. Accordingly, we will correct the error by amending Specification 1 of Charge I to delete those items embraced by Specification 3 of the Charge. The military judge treated the specifications as multiplicious for purposes of sentencing; therefore, the appellant has suffered no prejudice.

### III

██ The appellant also contends that the military judge erred in failing to find the specification alleging forgery of a check multiplicious with the specification alleging uttering of the same check with intent to defraud. The appellant failed to move either for appropriate relief as to the findings or to have the specification made more definite and certain. Under the rationale of *United States v. Jones*, 23 M.J. 301, 303 (C.M.A.1987) and *United States v. Holt*, 16 M.J. 393 (C.M.A.1983), appellant waived any issue of multiplicity by failing to move

to have the specification made more definite and certain as the issue of multiplicity was not apparent on the face of those specifications.

### IV

The appellant likewise contends that the military judge erred in failing to find that Specification 5 of Charge I was multiplicious for findings with Specification 6 of Charge I. Specification 5 of Charge I alleges that the appellant violated the disclosure requirement of USFK Reg. 27–5 on 9 March 1987 by "failing to present, upon request of Investigator Stuart S. Spangler, valid and bond fide information" regarding the disposition of one Nikon camera. Specification 6 of Charge I alleges that the appellant violated the same disclosure requirement on the same date by "failing to present, upon request of Investigator Stuart S. Spangler, valid and bona fide information" regarding the disposition of one Nikon camera lens.

We need not determine the allegation of error alleged here as the matter is mooted by our disposition of these specifications as set forth in Part V of this opinion which follows hereafter.

### V

Finally, the appellant contends that the regulatory disclosure requirement of USFK Reg. 27–5 violates the constitutional privilege against self-incrimination and contravenes the congressional intent underlying Article 31, UCMJ, 10 U.S.C.A. § 831.

██ At trial, the appellant moved to dismiss the questioned specifications [2] arguing that compliance with the regulation creates "real and appreciable risk of self-incrimination." The appellant failed, however, to demonstrate that *his* responses to the order to disclose would be incriminatory. As stated in *Kastigar v. United States*, one

---

**2.** The military judge rejected a plea of guilty to another specification, Specification 4 of Charge I, alleging failure to disclose when the appellant stated that he had made verbal disclosures to the investigator of lawful dispositions of the enumerated controlled items. Notwithstanding the representations and argument of both government and defense counsel, the military judge ruled, as did this court in *United States v. Koh*, 27 M.J. 710, 721–722 (A.C.M.R.1988) (en banc), that the disclosure provision of USFK Reg. 27–5 does not require documentation of dispositions but by its terms permits verbal compliance with the order to disclose.

must demonstrate a reasonable belief that the information sought "could be used in a criminal prosecution or could lead to other evidence that might be so used" in order to validly assert the privilege. *Kastigar v. United States*, 406 U.S. 441, 445, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212, *rehearing denied*, 408 U.S. 931, 92 S.Ct. 2478, 33 L.Ed. 2d 345 (1972). *See United States v. Williams*, 27 M.J. 710, 716–717 (A.C.M.R. 1988) (en banc). Thus, the military judge properly denied the appellant's motion because at that stage of the proceedings the appellant failed to demonstrate the incriminating nature of the information sought. Such a showing is an essential predicate for any assertion of the privilege against self-incrimination under the Fifth Amendment to the Constitution.

The appellant subsequently entered a plea of guilty by exceptions and substitutions to Specification 3 of Charge I which alleged the illegal transfer of a 35mm camera and a 35mm camera lens. He also entered a plea of guilty to Specification 5 of Charge I which alleged failure to disclose the lawful disposition of one Nikon camera and a plea of guilty, by exceptions and substitutions, to Specification 6 of Charge I which, by exception and substitution, alleged failure to disclose the lawful disposition of two Nikon camera lenses. On government motion, Specification 6 was subsequently amended to allege but a single Nikon camera lens when it became apparent during providency that the appellant had made a verbal disclosure of a lawful disposition of one of the lenses when ordered to do so.[3]

▮ The military judge found the appellant's plea of guilty to the specification alleging wrongful transfer provident based in part on the appellant's statement that he had transferred the 35mm camera and 35mm camera lens to a Korean national in violation of USFK Reg. 27–5. During the providence inquiry, it became apparent that the "Nikon camera" and "Nikon camera lens" whose disposition the appellant failed to disclose, were the same "35mm camera" and "35mm camera lens" which he had illegally transferred to a Korean national. Consequently, the constitutional defense afforded by the Fifth Amendment privilege against self-incrimination was available to the appellant and its availability appeared of record. At this juncture of the proceedings, the military judge erred in failing to obtain an affirmative waiver of this defense with respect to the camera and camera lens. *United States v. Koh*, 27 M.J. 710, 725–726 (A.C.M.R.1988) (en banc). Accordingly, the appellant's pleas of guilty to Specifications 5 and 6 of Charge I are improvident. In view of the fact that the constitutional defense when properly raised constitutes a bar to conviction and the fact that the appellant did challenge—albeit improperly—the constitutionality of the disclosure provision in a motion to dismiss, we believe that judicial economy suggests we put an end to this protracted litigation.[4] Accordingly, we will dismiss the specifications here without authorizing a rehearing as such would not serve a useful purpose.

We have considered matters personally asserted by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them without merit.

▮ The court affirms only so much of the finding of guilty of Specification 1 of Charge I as finds that the appellant did, at the Camp Casey post exchange located in the Republic of Korea, a location outside the territorial limits of the United States, on various occasions between on or about 9 December 1986, and on or about 26 December 1986, violate a lawful general regulation, paragraph 39j, United States Forces Korea Regulation 60–1, dated 25 February 1985, by wrongfully purchasing goods for illegal transfer, to wit: one 35 millimeter camera lens, in violation of Article 92, Uniform Code of Military Justice. The findings of guilty of Specifications 5 and 6 of Charge I are set aside and those specifica-

---

3. The appellant stated during providence inquiry that he had told the investigator that he had returned one of the lenses to the Post Exchange where he had purchased it.

4. We assume counsel would be sufficiently sensitive to *properly* raise the motion of the constitutional defense if given a second opportunity.

tions are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record of trial, and applying the criteria of *United States v. Sales,* 22 M.J. 305 (C.M.A.1986), the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to the grade of Private E1.

Judge WERNER concurs.

KENNETT, Judge, concurring:

Even though I may disagree with some of the holdings in *United States v. Williams,* and *United States v. Koh,*[5] I agree that Senior Judge DeFord has correctly articulated those holdings and correctly applied them to the case at bar.

**UNITED STATES, Appellee,**

---

**5.** *United States v. Williams,* 27 M.J. 710 and *United States v. Koh,* 27 M.J. 710, 729–730 (A.C. M.R.1988) (en banc) (Judge Smith's dissenting opinion, in which I concurred).